FILED
2021 Jul-01 PM 02:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA, ex rel., JENNIFER COOK and SALLY GAITHER,** | ) | |
| **Relators/Plaintiffs**, | ) | |
| **v.** | ) | **Case No. 2:20-cv-00877-RDP** |
| **INTEGRATED BEHAVIORAL HEALTH, INC. et al.,** | ) | |
| **Defendants**. | ) | |

**<u>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT</u>**

Defendant ALG Senior LLC f/k/a Affinity Living Group, LLC (collectively "ALG" or "Defendant") submits this Memorandum of Law in support of its Motion to Dismiss. ALG seeks to dismiss the claims asserted against it for failure to state a claim on which relief may be granted. ALG also joins in the Memoranda of Law in Support of Motions to Dismiss filed by two other groups of Defendants, ECF No. 58 and ECF No. 65. The arguments in those memoranda apply with full force to the claims asserted against ALG. ALG respectfully submits this separate memorandum to address two additional arguments that are particular to its circumstances.

## I. BACKGROUND

Relators Sally Gaither and Jennifer Cook assert against ALG claims for conspiracy to violate the False Claims Act and for violating the False Claims Act. *See* Amended Compl. Counts III, IV. Relators have named Defendant ALG alleging that it does business in the state of Alabama. *Id.* ¶ 16. In paragraph 55(d) of the Amended Complaint, Relators allege that "Affinity Living Group, L.L.C. (Westminster in Decatur)" (the "Facility") is one of a long list of "skilled nursing homes in Northern Alabama." *Id.* ¶ 55(d). In paragraph 63, Relators allege that a particular patient,

Patient M.C., was a resident of "Defendant Affinity Living Group, Inc. (Westminster in Decatur) skilled nursing facility" and that "[o]n or about January 1, 2017," Patient M.C. was referred to Unity by Defendants Dr. Malhotra and IBH and that the referral was "induced by unlawful kickbacks between Defendants Malhotra/IBH and Defendant [ALG]." *See id.* ¶ 63. Relators further allege that "false or fraudulent claims" related to this treatment "were submitted to and paid by Medicare/Medicaid . . . on or [about] January 1, 2017." *Id.* Those are the only allegations related specifically to Defendant ALG.

ALG does not own or operate the Facility, and it never has.[1] From prior to January 1, 2017 to December 28, 2018, nonparty Decatur ALF Group, LLC ("Decatur ALF") owned the Facility. *See* Order Appointing Receiver and Granting Injunctive Relief, *BOKF, N.A. v. Decatur ALF Group, LLC*, No. 5:17-CV-02141-AKK (N.D. Ala. Jan. 23, 2018), ECF No. 30 at 2; *see also* Notice of Closing Sale of Substantially All Assets of Decatur ALF Group, LLC, *BOKF*, No. 5:17-CV-02141-AKK (N.D. Ala. Jan. 4, 2019), ECF No. 97.[2] In January 2018, due to a mortgage default by Decatur ALF, this Court appointed a Receiver over the Facility. *Id.* at 6-10. In its Order approving the bid procedures for the Sale, this Court approved a public sale of the Facility and ordered that the Facility be sold "free and clear of liens, claims, and encumbrances, with such liens, claims, and encumbrances attaching to the proceeds of such sale." Order, *BOKF*, No. 5:17-CV-02141-AKK (N.D. Ala. Sept. 12, 2018), ECF No. 62. This Court further required that notice of the sale be published in a local newspaper. *Id.* at 8.

---

[1] ALG provides back-office services (such as human resources, payroll processing, and legal services) to the Facility's Operator.

[2] The Court may take judicial notice of its own records, including filings in other cases, when considering a motion to dismiss. *See, e.g.*, *Turner v. AMICO*, No. CV-15-BE-1202-S, 2015 WL 7770232, at *1 (N.D. Ala. Dec. 3, 2015) (taking judicial notice of filings in prior lawsuit); *Acme Roofing & Sheet Metal Co. v. Air Team USA, Inc.*, No. 12-CV-1056-KOB, 2013 WL 3381372, at *3 (N.D. Ala. July 8, 2013) (taking judicial notice of court's own previous orders); *see also Univ. Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) (explaining court may take judicial notice of public records, including documents filed in litigation, without converting motion to dismiss into motion for summary judgment).

In November 2018, the Court approved the sale of the Facility to Agemark Acquisition LLC ("Agemark") or its assigns. Order, *BOKF*, No. 5:17-CV-02141-AKK (N.D. Ala. Nov. 5, 2018), ECF No. 89 [hereinafter "Order Approving Sale"]. Agemark assigned its right to purchase the facility, and the sale closed on December 28, 2018. *See* Notice, *BOKF*, No. 5:17-CV-02141-AKK (N.D. Ala. Jan. 4, 2019), ECF No. 97.[3]

In approving the sale, this Court ordered that the Facility would transfer to Agemark and its assigns free of any liabilities. Specifically, the Court ordered:

> [T]he transfer of the Proposed Purchased Assets to the Successful Bidder [Agemark and its assigns] shall be free and clear of any and all liens, encumbrances, claims, charges, defenses, offsets, recoupments, and interest on the foregoing and against the foregoing of whatever type and description, including, without limitation . . . other claims and interests having arisen, existed or accrued prior to and through the Closing Date, whether direct or indirect, monetary or non-monetary, arising at law or in equity, contract or tort, absolute or contingent, matured or unmatured, voluntary or involuntary, liquidated or unliquidated of, by, or against the Proposed Purchased Assets.

*Id.* at 13-14.

The Asset Purchase Agreement, which the Receiver attached to its motion for approval of the sale, likewise provided that Agemark, and its assigns, "is only assuming the liabilities and obligations set forth on Schedule 1.05 to this Agreement." Proposed Motion for Order of Sale of Decatur Assets, *BOKF*, No. 5:17-CV-02141-AKK (N.D. Ala. Nov. 1, 2018), ECF No. 88-1 § 1.05 [hereinafter "Purchase Agreement"]. Schedule 1.05 stated that there were no liabilities. *Id.* Schedule 1.05.

Today, and from December 28, 2018 forward, the Facility is operated by RHCSC Decatur AL Holdings, LLC (the "Operator"). There is no allegation that the Operator (or Defendant ALG) has any relationship with Decatur ALF. Further, contrary to Relators' allegations, the Facility is

[3] There is no allegation that Decatur ALF has any relationship to Agemark or to its assign.

not a "skilled nursing facility."[4] Instead, the Facility is only licensed as an "Adult Congregate Living Facility," with some beds licensed as an "Assisted Living Facility (Specialty Care)." *See* **Exhibits A**, **B** (Facility's licenses showing Operator as the licensee).[5]

## II. LEGAL STANDARD

A complaint that fails to state a claim upon which relief can be granted must be dismissed. *See Pate Flagship, LLC v. Cypress Equities Se., LLC*, 88 F. Supp. 3d 1271, 1275 (N.D. Ala. 2015). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, in considering a motion to dismiss, the court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

Further, when pleading a claim under the False Claims Act, including a claim alleging a conspiracy to violate the False Claims Act, the complaint must meet the heightened standards of Rule 9(b). *U.S. ex rel. Clausen v. Lab'y Corp. of Am.*, 290 F.3d 1301, 1309 (11th Cir. 2002) ("Rule 9(b) does apply to actions under the False Claims Act."); *United States v. HPC Healthcare, Inc.*, 723 F. App'x 783, 791 (11th Cir. 2018) (applying Rule 9(b) to conspiracy claims under the False Claims Act).

---

[4] Relators do not allege any requirement that the Facility staff nurses, and without such an allegation, there is no underpinning for Relators' alleged quid pro quo.

[5] The Court may take judicial notice of these licenses as public records of the Alabama State Board of Health. *Massachusetts v. Westcott*, 431 U.S. 322, 323 (1977) (taking judicial notice of the record of the Merchant Vessel Documentation Division of the Coast Guard that the respondent holds a particular license); *Bedtow Grp. II, LLC v. Ungerleider*, No. 15-CV-80255, 2015 WL 13310463, at *7 (S.D. Fla. Sept. 30, 2015) (taking judicial notice that individuals held broker's license).

## III. ARGUMENT

### A. ALG cannot have any liability for actions taken on January 1, 2017.

Relators' claims against ALG must be dismissed because neither ALG, nor the Facility's owner or operator, was involved with the Facility at the time of the alleged wrongdoing in January 2017. The Facility's owner did not purchase the Facility until December 2018, nearly two years later. Thus, ALG had no involvement in any of the actions alleged in the Amended Complaint. Because it had no involvement with the Facility in January 2017, it did not receive kickbacks and it was not involved in any referrals of Patient M.C., as alleged in paragraph 63 of the Amended Complaint. Nor did it submit any claims, receive any payment from the government, or conspire to commit a violation of the False Claims Act, Amended Compl. ¶¶ 62, 153, 157.[6]

Relators have not pled any basis for imposing successor liability on ALG. Relators' failure to allege successor liability, alone, is enough to dismiss their claims against ALG. *Magnum Constr. Mgmt., LLC v. WSP USA Sols., Inc.*, No. 20-24684-CIV, 2021 WL 799448, at *4 (S.D. Fla. Mar. 2, 2021) (dismissing claim against successor because complaint "d[id] not contain any claims or plead any facts relating to successor liability"); *Huster v. J2 Glob. Commc'ns, Inc.*, No. 1:14-CV-03304-ELR, 2015 WL 11622478, at *8 (N.D. Ga. Nov. 12, 2015) (granting motion to dismiss because plaintiff "failed to plead facts that would make successor liability applicable"); *see also U.S. ex rel. Ceas v. Chrysler Grp. LLC*, 78 F. Supp. 3d 869, 878 (N.D. Ill. 2015) (finding failure to show successor liability fatal to plaintiff's False Claims Act claim).

Nor could Relators make any such pleading. Although the Eleventh Circuit has not opined on whether state law or federal common law applies to successor liability under FCA suits,

[6] Relators do not even allege that the Facility accepts Medicare or Medicaid payments.

Relators could not state a claim under either standard. Under both Alabama law and federal common law, successor liability will only be imposed if:

> (1) there is an express agreement to assume the obligations of the transferor, (2) the transaction amounts to a de facto merger or consolidation of the two companies, (3) the transaction is a fraudulent attempt to escape liability, or (4) the transferee corporation is a mere continuation of the transferor.

*Brown v. Econ. Baler Co.*, 599 So. 2d 1, 3 (Ala. 1992) (quoting *Andrews v. John E. Smith's Sons Co.*, 369 So.2d 781, 785 (Ala. 1979)); *see also U.S. ex rel. Bunk v. Gov't Logistics N.V.*, 842 F.3d 261, 273 (4th Cir. 2016) (same).

Because there is no allegation of any "identity of stock, stockholders, and directors" between Decatur ALF and Agemark or its assign, there can be no argument that the sale was a "de facto merger" or that the purchaser was a "mere continuation" of Decatur ALF's business. *See Bunk*, 842 F.3d at 274 ("The mere continuation theory authorizes the imposition of liability if, 'after the transfer of assets, only one corporation remains, and there is an identity of stock, stockholders, and directors between the two corporations.'" (quoting *United States v. Carolina Transformer Co.*, 978 F.2d 832, 838 (4th Cir. 1992))); *Ray v. Jud. Corr. Servs., Inc.*, No. 2:12-CV-02819-RDP, 2018 WL 2130408, at *5 (N.D. Ala. May 9, 2018) (rejecting argument that there had been a de facto merger where successor did not pay for predecessor's assets with successor's stock, such that the stockholders of the predecessor became stockholders and constituents of the successor); *see also Brown*, 599 So.2d at 3 (applying same test for mere continuation theory of liability); *Matrix-Churchill v. Springsteen*, 461 So. 2d 782, 789 (Ala. 1984) (no de facto merger or continuation where successor did not purchase all of predecessor's stock).

Likewise, there can be no allegation that the sale of the Facility was fraudulent. The sale took place as part of a receivership action, which was overseen and approved by this Court. *See generally BOKF, N.A. v. Decatur ALF Group, LLC*, No. 5:17-CV-02141-AKK (N.D. Ala.).

Nor could Relators have alleged that ALG or its assign agreed to assume Decatur ALF's liabilities. *Bunk*, 842 F.3d at 273; *Brown*, 599 So. 2d at 3. To the contrary, the Facility was plainly transferred free of any liabilities. As this Court ordered, the sale of the Facility was made "free and clear of any and all liens, encumbrances, *claims*, changes, defenses, offsets, recoupments, and interest on the foregoing and against the foregoing of whatever type and description including, without limitation . . . *other claims and interest having arisen, existed or accrued prior to and through the Closing Date*." Order Approving Sale at 10 (emphasis added). And the Purchase Agreement likewise confirmed that the Facility was being sold free of liabilities. Purchase Agreement § 1.05. Thus, there can be no argument that Agemark or its assign had notice, much less agreed to assume, any of the Relators' claims when purchasing the Facility.

Under similar circumstances, the Northern District of Illinois dismissed a False Claims Act claim with prejudice. In *U.S. ex rel. Ceas v. Chrysler Group LLC*, the Court considered whether a relator could pursue a False Claims Act claim against Chrysler. 78 F. Supp. 3d 869. The court concluded it could not because Chrysler's assets had been sold "free and clear of any successor claims or interest," in an order later approved by the bankruptcy court. *Id.* at 879. Finding no authority to the contrary, the Court "uph[e]ld the plain language of the Sale Order, absolving New Chrysler of successor liability for all claims not expressly assumed in the [purchase agreement,] including Plaintiff's FCA claims." *Id.* This Court should likewise follow its prior order and affirm that the sale of the Facility was made "free and clear of any and all liens, encumbrances, claims, changes, defenses, offsets, recoupments, and interest on the foregoing and against the foregoing of whatever type and description including, without limitation," including Relators' claims here. Order Approving Sale at 10.

**B. ALG is not the correct Defendant.**

Defendant ALG should further be dismissed because it is not the correct Defendant. Even assuming that the current operator is somehow liable for actions taken prior to the Receivership discussed above, Defendant ALG is not the proper defendant and should be dismissed. A simple review of the licenses for the Facility (attached as Exhibits A and B), which are public records and of which this Court may take judicial notice, reveals that the Facility is operated by the Operator.[7] The Amended Complaint does not allege otherwise. *See* Amended Compl. ¶¶ 16, 55(d), 63 (containing no allegations that ALG owns or operates the Facility). Relators have pled no plausible basis on which ALG could be liable, and it therefore should be dismissed.

***

Finally, ALG joins in two of the Memoranda of Law filed by other Defendants. ECF Nos. 58 and 65. As discussed in those Memoranda, the Complaint does not meet Rule 9(b)'s requirements and fails to state a claim under Rule 12(b)(6).

## IV. CONCLUSION

For the foregoing reasons, ALG respectfully requests that the Court grant its motion to dismiss Relators' claims against ALG, in their entirety.

Respectfully submitted, this the 1st day of July, 2021.

*/s/ Brannon J. Buck*
Brannon J. Buck (ASB-5848-K56B)
bbuck@badhambuck.com
Christopher B. Driver (ASB-9178-G39B)
cdriver@badhambuck.com
BADHAM & BUCK, LLC
2001 Park Place North, Suite 500
Birmingham, Alabama 35203
Phone: (205) 521-0036
Fax: (205) 521-0037

[7] Counsel for ALG has raised this issue with counsel for Relators.

Jennifer Van Zant (admitted pro hac vice, NC State Bar No. 21280)
jvanzant@brookspierce.com
Jim W. Phillips, Jr. (pro hac vice forthcoming)
jphillips@brookspierce.com
Amanda S. Hawkins (pro hac vice forthcoming)
ahawkins@brookspierce.com
Brooks, Pierce, McLendon, Humphrey & Leonard, LLP
P.O. Box 26000
Greensboro, NC 27420
Phone: (336) 271-3132
Fax: (336) 232-9132

*Attorneys for ALG Senior LLC f/k/a Affinity Living Group LLC*

**CERTIFICATE OF SERVICE**

I certify that this document has been filed electronically on this the 1st day of July, 2021. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by United States Mail, facsimile, or hand delivery. Parties may also access this filing through the Court's electronic filing system.

*/s/ Brannon J. Buck*
Brannon J. Buck