

FILED
2021 Oct-14  PM 08:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| ex rel., JENNIFER COOK and | ) | |
| SALLY GAITHER, | ) | |
| | ) | |
| Relators /Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: |
| | ) | 2:20-cv-00877-AMM |
| | ) | |
| | ) | |
| INTEGRATED BEHAVIORAL HEALTH, | ) | |
| INC., DR. SANJAY MALHOTRA, | ) | |
| UNITY PSYCHIATRIC CARE, | ) | |
| ATHENS-LIMESTONE HEALTH SERVICES, | ) | |
| L.L.C, VALLEY VIEWHEALTH AND | ) | |
| REHABILITATION, L.L.C FRANKLIN LTC, | ) | |
| L.L.C D/B/A TERRANCE MANOR NURSING | ) | |
| HOME` &   REHABILITATION CENTER, | ) | |
| AFFINITY LIVING GROUP L.L.C., | ) | |
| DIVERSICARE OF BIG SPRINGS, L.L.C., | ) | TRIAL BY JURY |
| ATHENS HEALTH AND REHABILITATION, | ) | |
| L.L.C., MADISONMANOR NURSING HOME, | ) | |
| L.L.C., BLC WELLINGTON-HAMPTON | ) | |
| COVE, LLC, REGENCY SENIOR | ) | |
| LIVING L.L.C. D/B/A REGENCY HEALTH | ) | |
| CARE & REHAB CENTER, NHC | ) | |
| HEALTHCARE/ MOULTON L.L.C., | ) | |
| INC., SOUTH HAMPTON NURSING & | ) | |
| REHABILITATION CENTER, L.L.C., | ) | |
| HANCEVILLE PRIMARY HEALTHCARE | ) | |
| L.L.C., SUMMERFORD NURSING HOME, | ) | |
| INC., DIVERSICARE WINDSOR HOUSE, | ) | |
| L.L.C., MERRILL GARDENS, L.L.C., | ) | |
| CLOVERDALE HEALTHCARE, INC. D/B/A | ) | |
| CLOVERDALE REHABILITATION & | ) | |
| NURSING CENTER SUNBRIDGE | ) | |
| HEALTHCARE, L.L.C. D/B/A RIVER CENTER | ) | |
| CITY, SIGNATURE HEALTHCARE | ) | |
| CLINICAL CONSULTING SERVICES, L.L.C. | ) | |
| D/B/A SIGNATURE HEALTHCARE OF | ) | |
| WHITESBURG GARDEN, HERITAGE | | |

**ASSISTED LIVING & MEMORY**   )
**CARE LLC, HANCEVILLE NURSING &** )
**REHAB CENTER INC.**     )
            )
   **Defendants.**     )

## SECOND AMENDED QUI TAM COMPLAINT

COME NOW Sally Gaither and Jennifer Cook, by and through undersigned counsel, before this Honorable Court on behalf of the United States of America, its departments and agencies and file this *Qui Tam* Complaint under the False Claims Act, 31 U.S.C. § 3729 et seq. to recover damages, civil penalties, and other equitable relief against Defendants Unity Psychiatric Care ("Unity"), Integrated Behavioral Health ("IBH"), Dr. Sanjay Malhotra ("Malhotra"), Athens-Limestone Health Services, L.L.C., Valley View Health and Rehabilitation, L.L.C., Franklin LTC, L.L.C. d/b/a Terrance Manor Nursing Home & Rehabilitation Center, Affinity Living Group, L.L.C. (Westminster in Decatur), Diversicare of Big Springs, L.L.C., Athens Health and Rehabilitation, L.L.C., Madison Manor Nursing Home, L.L.C., BLC Wellington-Hampton Cove, L.L.C., Regency Senior Living, L.L.C. d/b/a Regency Health Care & Rehab Center, NHC Healthcare/Moulton, L.L.C., South Hampton Nursing & Rehabilitation Center, L.L.C., Hanceville Primary Healthcare, L.L.C., Sunbridge Healthcare, L.L.C. d/b/a/ River City Center, Heritage Assisted Living & Memory Care, L.L.C., Signature Healthcare Clinical Consulting Services, L.L.C. d/b/a Signature Healthcare of Whitesburg Garden, Hanceville Nursing and Rehabilitation, Inc., Summerford Nursing Home, Inc., Diversicare Windsor House, L.L.C., Merrill Gardens, L.L.C., Cloverdale Healthcare, Inc. d/b/a Cloverdale Rehabilitation & Nursing Center, and In support of these claims, Relators respectfully show this Court the following:

## JURISDICTION AND VENUE

1.      This is an action to recover damages and civil penalties on behalf of the Government arising out of false claims and records presented by Defendants to the Government. This action arises under the False Claims Act ("FCA"), 31 U.S.C §3729 et. seq., which provides that the United State District Courts shall have exclusive jurisdiction.

2.      This Court also has jurisdiction pursuant to 28 U.S.C. §§ 1331, 3732 (a), and 1345.

3.      Relators have standing to bring this *qui tam* action under the FCA, even if Relators have suffered no injury.  Relators have stepped in as the Government's representative or assignee to effectuate the statute's purpose of uncovering fraud against the Government.

4.      Venue lies in this judicial district pursuant to 31 U.S.C. § 3732 (a), because Defendants qualify to do business in the State of Alabama, transact substantial business in this judicial district, and can be found here.  Additionally, and as described herein, Defendants committed acts within this judicial district proscribed by 31 U.S.C. § 3728. Specifically, and *inter alia*, Defendants submitted and caused to be submitted within this judicial district false claims that are the results of kickbacks and referrals in violations of the Anti-Kickback Act, 42 U.S.C. § 1320a-7b (b) and the Stark Law, 42 U.S.C. § 1395.

## CONDITION PRECEDENT

5.      As required under the False Claims Act ("FCA"), 31 U.S.C. §3730 (a)(2), Relators provided to the United States Attorney for the Northern District of Alabama, a statement of all material disclosures related to the Complaint.

## PARTIES

6.      Relators Sally Gaither and Jennifer Cook acting on behalf of the United States, bring this civil action under the *qui tam* provisions of the False Claims Act, as amended.

7.      Relator Sally Gaither is a citizen of the United States and a resident of the State of Alabama.

8.      Relator Jennifer Cook is a citizen of the United States and a resident of the State of Alabama.

9.      Defendant Dr. Sanjay Malhotra (hereinafter "Dr. Malhotra") is a psychiatrist licensed to practice medicine in the State of Alabama. Dr. Malhotra is the founder and chairman of Integrated Behavioral Health.  Upon information and belief, Dr. Malhotra is a resident of the State of Alabama.

10.     Defendant Integrated Behavioral Health (hereinafter "IBH") is an integrated mental health provider located in Northern Alabama and Southern Tennessee. IBH provides outpatient and inpatient services, as well as onsite psychiatric services in long term care facilities. IBH has multiple locations throughout Northern Alabama.  IBH is a corporation organized pursuant to the laws of the State of Alabama with its principal place of business in Madison, Alabama.

11.     Defendant Unity Psychiatric Care (hereinafter, "Defendant Unity") is a foreign limited liability company organized pursuant to the laws of the State of Tennessee. Defendant Unity Psychiatric Care conduct substantial and continuous business within the State of Alabama and within this judicial district.

12.     Defendant Athens-Limestone Health Services, L.L.C. is a domestic limited liability company organized pursuant to the laws of the state of Alabama. Defendant Athens-Limestone Health Services, L.L.C.'s principal place of business is located in Athens, Alabama.

13.     Defendant Valley View Health and Rehabilitation, L.L.C. is a domestic limited liability company organized pursuant to the laws of the state of Alabama. Defendant Valley View

Health and Rehabilitation, L.L.C.'s principal place of business is located in Birmingham, Alabama.

14.     Defendant Franklin LTC, L.L.C. d/b/a Terrance Manor Nursing & Rehabilitation Center (hereinafter "Defendant Terrance Manor Nursing & Rehabiliation") is a domestic limited liability company organized pursuant to the state of Alabama with its principal place of business located in Russellville, Alabama.  Defendant Terrance Manor Nursing & Rehabilitation conducts substantial and continuous business within the state of Alabama and this judicial district.

15.     Defendant Affinity Living Group, L.L.C. is a foreign limited liability company organized pursuant to the laws of the state of North Carolina with its principal place of business in Hickory, North Carolina.  Defendant Affinity Living Group, L.L.C. is engaged in substantial and continuous business in the state of Alabama.

16.     Defendant Diversicare of Big Springs, L.L.C. is a foreign limited liability company organized pursuant to the laws of the state of Tennessee. Defendant Diversicare of Big Springs, L.L.C. conduct substantial and continuous business in the state of Alabama through its skilled residential nursing homes.

17.     Defendant Athens Health and Rehabilitation, L.L.C. is a domestic limited liability company organized pursuant to the laws of the state of Alabama. Defendant Athens Health and Rehabilitation, L.L.C.'s principal place of business is located in Jefferson County, Alabama and Defendant conducts substantial and continuous business in this judicial district.

18.     Defendant Madison Manor Nursing Homes, L.L.C. is a domestic limited liability company organized pursuant to the laws of the state of Alabama. Defendant Madison Manor Nursing Homes, L.L.C.'s principal place of business is located in Madison, Alabama.

19.     Defendant BLC Wellington-Hampton Cove, LLC is a foreign corporation organized pursuant to the laws of the state of Illinois.  Defendant BLC Wellington-Hampton Cove, LLC's principal place of business is in Chicago, Illinois. Defendant BLC Wellington-Hampton Cove, LLC conduct substantial and continuous business in the state of Alabama through its senior living facility located in Hampton Cove, Alabama.

20.     Defendant Regency Senior Living, L.L.C. d/b/a Regency Health Care & Rehab Center (hereinafter, "Defendant Regency Health Care & Rehab Center") is a foreign limited liability company organized pursuant to the state of Delaware. Defendant Regency Senior Living, L.L. C's principal place of business is located in Ooltewah, Tennessee.  Defendant Regency Health Care & Rehab Center conducts substantial and continuous business within the state of Alabama and within this judicial district.

21.     Defendant NHC Healthcare/Moulton, L.L.C. is a domestic limited liability company organized pursuant to the laws of the state of Alabama.   Defendant NHC Healthcare/Moulton, L.L.C.'s principal place of business is located in Moulton, Alabama. Defendant NHC Healthcare/Moulton, L.L.C. conducts substantial and continuous business throughout the state of Alabama and throughout this judicial district.

22.     Defendant South Hampton Nursing & Rehabilitation Center, L.L.C. is a domestic limited liability center organized pursuant to the state of Alabama. Defendant South Hampton Nursing & Rehabiliation Center, L.L.C. principal place of business is located in Centre, AL. Defendant South Hampton Nursing & Rehabilitation Center, L.L.C. conducts substantial and continuous business throughout the state of Alabama and throughout this judicial district.

23.     Defendant Hanceville Primary Healthcare, L.L.C. is a domestic limited liability company organized pursuant to the laws of the state of Alabama.  Defendant Hanceville Primary Healthcare, L.L.C.'s principal place of business is located in Hanceville, Alabama. Defendant Hanceville Primary Healthcare, LLC conducts substantial and continuous business through its skilled nursing facilities throughout the state of Alabama and throughout the judicial district.

24.     Defendant Heritage Assisted Living & Memory Care, L.L.C. is a domestic limited liability company organized pursuant to the laws of the state of Alabama. Defendant Heritage Assisted Living & Memory Care, L.L.C. conducts substantial and continuous business throughout the state of Alabama through its skilled nursing facility and throughout this judicial district.

25.     Defendant Signature Healthcare Clinical Consulting Services, L.L.C. d/b/a Signature Healthcare of Whitesburg Garden (hereinafter, "Defendant Signature Healthcare of Whitesburg Garden" is a foreign limited liability company organized pursuant to the laws of the state of Delaware. Defendant Signature Healthcare of Whitesburg Garden's principal place of business is located in Louisville, Kentucky.  Defendant Signature Healthcare of Whitesburg Garden conducts substantial and continuous business within the state of Alabama and throughout this judicial district through its skilled nurse home facilities.

26.     Defendant Hanceville Nursing & Rehab Center, Inc. is a domestic corporation organized pursuant to the laws of the state of Alabama.  Defendant Hanceville Nursing & Rehab Center, Inc.'s principal place of business is located in Hanceville, Alabama.  Hanceville Nursing & Rehab Center, Inc. conducts substantial and continuous business in the state of Alabama and this judicial district.

27.     Defendant Summerford Nursing Home, Inc. is a domestic corporation organized pursuant to the laws of the state of Alabama. Defendant Summerford Nursing Home, Inc.'s principal place of business is located in Falkville, Alabama. Defendant Summerford Nursing Home, Inc. conducts substantial and continuous business throughout the state of Alabama and within this judicial district.

28.     Defendant Diversicare Windsor House, L.L.C. is a foreign limited liability company organized pursuant to the laws of the state of Alabama.  Defendant Diversicare Windsor House, L.L.C.'s principal place of business is located in Huntsville, Alabama. Defendant Diversicare Windsor House, L.L.C.  conducts substantial and continuous business within the state of Alabama and within this judicial district.

29.     Defendant Merrill Gardens, L.L.C. is a foreign limited liability company organized pursuant to the laws of Washington.  Defendant Merrill Gardens, L.L.C.'s principal place of business is located in Seattle, Washington. Merrill Gardens, L.L.C. conducts substantial and continuous business within the state of Alabama and within this judicial district.

30.     Defendant Cloverdale Health Care, Inc. d/b/a Cloverdale Rehabilitation and Nursing Center (hereinafter, "Defendant Cloverdale Rehabilitation and Nursing Center") is a domestic corporation organized pursuant to the state of Alabama.   Defendant Cloverdale Rehabilitation and Nursing's principal place of business is located in Scottsdale, Alabama. Cloverdale Rehabiliation and Nursing conducts substantial and continuous business within the state of Alabama and this judicial district through its skilled nursing facilities.

31.     Defendant Sunbridge Healthcare, L.L.C. d/b/a River City Center (hereinafter, "River City Center') is a foreign limited liability company organized pursuant to the laws of the

state of New Mexico. Defendant River City Center's principal place of business is located in Albuquerque, New Mexico. Defendant River City Center conducts substantial and continuous business throughout the state of Alabama and judicial district through its skilled nursing facility.

## APPLICABLE LAW

### A. The False Claims Act

32.　　The False Claims Act ("FCA") provides, *inter alia*: any person who (1) knowingly presents, or causes to be presented, to an officer or an employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval; (2) knowingly makes, uses, or cause to be made or used, a false record or statement to get a false fraudulent claim paid or approved by the Government; (3) conspires to defraud the Government by getting a false or fraudulent claim paid or approved by the Government; or (7) knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid or decrease an obligation to pay or transmit money or property to the Government is liable to the United States Government for a civil penalty of not less than $11,463.00 and not more than $22,927.00 plus treble damages which the Government sustains because of the false or fraudulent acts.

33.　　Under the FCA, (1) the terms "knowing" and "knowingly" – means (A) that a person, with respect to information – (i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information; and (B) require no proof of specific intent to defraud.

34.　　The FCA also defines the term "claim" as – (A) any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property, that – (i) is presented to an officer, employee, or agent of the United

States; or (ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government – (I) provides or has provided any portion of the money or property requested or demanded; or (II) will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded; []. 31 U.S.C. § 3729(b)(1)-(2).

## B.  Limitation on Certain Physician Referrals ("Stark Law")

35.     The Stark Law, as it is commonly called, was named after Congressman Pete Stark, who sponsored the initial bill enacted in 1989.

36.     The Stark Law prohibits physicians from making referrals to an entity for the furnishing of designated health services that may be paid for by Medicare or Medicaid when the physician has a "financial relationship" with the entity to which the patient is being referred.  42 U.S.C. § 1395nn (a)(1)(A).

37.     A referral that falls within the purview of the Stark law is a "prohibited referral." *Id*. An entity may not present or cause to be presented a claim to a government health care program or bill to any individual, third party payor, or other entity for designated health services furnished for a "prohibited referral." 42 U.S.C. § 1395nn(a)(1)(B).

38.     The Stark Law is a strict liability statute.

## C.  The Anti-Kickback Statute

39.     The Anti-Kickback Act, 42 U.S.C. §1320a-7b(b), arose out of congressional concern that payoffs to those who influence healthcare decisions will result in goods and services being provided that are <u>medically unnecessary</u>, of poor quality, or <u>harmful to a vulnerable patient population</u>.  To protect the integrity of the healthcare system, Congress enacted a per se prohibition against the payment of kickbacks in any form. The act prohibits anyone from making or accepting

payment or any form of remuneration for referring, recommending, or arranging for federally funded medical services, including services provided under the Medicare and Medicaid programs. It prohibits anyone from knowingly or willfully soliciting or receiving any remuneration directly or indirectly, overtly or covertly, in exchange for referring an individual to a person for the furnishing (or arranging for the furnishing) of any item or service for which payment may be made in whole or in part under the federal health care program. *See* 42 U.S.C. § 1320a-7b(b). Violators of the Anti-Kickback Statute may be prosecuted criminally or may be subject to civil monetary penalties and excluded from Medicare/Medicaid programs. *Id*. *See also*, 42 U.S.C. § 1320a-7a(a)(7). Additionally, violation of the act can subject the perpetrator to civil monetary fines of $50,000.00 per violation and three times the amount of remuneration paid. See 42 U.S.C. §§ 1320a-7(b)(7), 1320a-a(a)(7).

40.    Further, the Anti-Kickback Statue provides that "a claim that includes items or services resulting from a violation of [the Anti-Kickback Statute] constitutes a false or fraudulent claim for purposes of [the False Claims Act]." 42 U.S.C. § 1320a-7b(g).

41.    A person need not have actual knowledge of the statutory provisions provided in the Anti-Kickback Statute or have the specific intent to commit a violation. 42 U.S.C. § 1320a-7b(h).

### D. Medicare Certification – Dr. Malhotra and Unity Made False Certifications by Submitting Claims for Payments to Medicare Tainted by Anti-Kickback and Stark Law Violations

42.    To enroll as Medicare providers, Defendant Dr. Malhotra and Defendant Unity submitted a Medicare Enrollment Application. *See* CMS Form 855I. When submitting Form 855I, Dr. Malhotra and Unity made the following certification to CMS:

I agree to abide by the Medicare laws, regulations and program instructions that apply

to me or to the organization listed in section 4a of this application.  The Medicare laws, regulations, and program instructions are available through the Medicare Administrative Contractor. I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations and program instructions (including, but not limited to, the Federal Anti-Kickback Statue, 42 U.S.C. section 1320a-7b(b) (section 11288(b) of the Social Security Act) and the Physician Self-Referral Law (Stark Law), 42 U.S.C. section 1395nn (section 1877 of the Social Security Act.

43.     Dr. Malhotra and Unity submit claims for payment to Medicare using CMS Form 1500 and/or CMS Form 1450.

44.     When submitting Form 1500, Defendant Dr. Malhotra and Defendant Unity made the following certification to the government:

"In submitting this claim for payment from federal funds, I certify that :1) the information on this form is true, accurate and complete; 2) I have familiarized myself with all applicable laws, regulations, and program instructions, which are available from the Medicare contractor; 3) I have provided or will provide sufficient information required to allow the government to make an informed eligibility and payment decision; 4) this claim, whether submitted by me or on my behalf by my designated billing company, complies with all applicable Medicare and/or Medicaid laws, regulations, and program instructions for payment including but not limited to the Federal anti-kickback statue and Physician Self-Referral law (commonly known as Stark law) . . ."

45.     Each time Defendant Dr. Malhotra and/or Defendant Unity submitted CMS Form 1500, it certified that the patient's referral was not secured in violation of the federal Anti-Kickback Statute and Stark Law.

46.     CMS Form 1500 also provides notices that "[a] ny person who knowingly files a statement of claim containing misrepresentation or any false, incomplete or misleading information may be guilty of a criminal act punishable under law and maybe subject to civil penalties. "*See* CMS Form 1500.

## FACTUAL ALLEGATIONS AND BACKGROUND

47.     This is an action to recover damages and civil penalties on behalf of the United States of America arising out of false claims and records presented to the United States. This action arises under 31 U.S.C. § 3729, known as the False Claims Act ("FCA").

48.     The FCA claims in this case are based on Defendant Dr. Malhotra and Defendant Unity's submissions of false claims to the United States of America through the Medicare/Medicaid federal healthcare programs. The claims for payment made by Defendant Dr. Malhotra and Defendant Unity to Medicare/Medicaid are rendered false because the patients for which the claims were made were obtained through illegal kickbacks paid in the form of free nursing services in violation of the Anti-Kickback Statute.

49.      Further, the claims for payment made by Defendant Dr. Malhotra and Defendant Unity are rendered false because the patients for which the claims were made were referred as a result of an unlawful agreement between Defendant Dr. Malhotra, Defendant IBH, and the Defendant nursing homes and assisted living facilities to refer patients being treated by Dr. Malhotra and Defendant IBH's nurses at the nursing homes/assisted living facilities to an entity (e.g., Unity) where Dr. Malhotra had a financial relationship in violation of the Stark Law.

50.     The Defendant nursing homes and assisted living facilities, through their agents, agreed to allow Defendants Dr. Malhotra and IBH to refer patients to Defendant Unity, in exchange for free nursing services in violation of both the Anti-Kickback Statute and Stark Law.

51.     Defendant Sanjay Malhotra, M.D. is a licensed Psychiatrist that specializes in Adult and Geriatric Psychiatry.  Specifically, Defendant Dr. Malhotra treats adults and geriatric patients

experiencing acute psychological episodes. Defendant Malhotra has practiced in this area of the medical profession since he completed his residency in 1991.

52.     On or about March 20, 2013, Defendant Malhotra founded Defendant IBH in Madison, Alabama. IBH provides psychological treatment to mentally and emotional troubled individuals including aging adults.[1]

53.     In addition to practicing Psychiatry at IBH, Dr. Malhotra has medical privileges and is a medical practitioner at the following facilities in Northern Alabama and Southern Tennessee: Decatur Morgan Hospital, Dekalb Regional Medical Center, Shoals Hospital, Southern Tennessee Regional Health System LifeSprings Center (Pulaski, Tennessee), Unity Psychiatric Care, and Cullman Regional Medical Center.

54.     Relator Gaither began working with Defendant Unity on October 17, 2012, as a licensed practical nurse and remained employed until on or about April 19, 2019, when she resigned. Specifically, Relator Gaither worked at Unity Psychiatric Care, Inc., where Defendant Malhotra is the Medical Director.

55.     Relator Cook began working with Defendant American Health Partners, Inc. on June 4, 2014, as a registered nurse and remained employed until on or about April 19, 2019, when she resigned. Relator Cook also worked at Unity Psychiatric Care, Inc. in Huntsville, Alabama.

56.     Prior to filing this Complaint, Relators Gaither and Cook voluntarily disclosed to the United States the information upon which this action is based. Relators are unaware of any prior disclosure of any information materially pertaining to the fraud alleged in this Complaint. To the extent that any public disclosure has taken place as defined by 31 U.S.C. §3729(e)(4)(A), Relators are the original source of the information for purposes of that Section. Relators have

---

[1] https://www.ibhus.com/about-integrated-behavioral-health/

knowledge that is independent of and materially adds to any purported publicly disclosed allegations or transactions and has voluntarily provided information to the United States before filing this Complaint as contemplated by 31 U.S.C. §3729(e)(4)(B)(2).

57.     **Defendants' False Claims Act Violations**. The Relators' *qui tam* claims are based on the following allegations:

a.  Defendant Malhotra employs nearly thirty (30) licensed nurse practitioners and nurses through his company Defendant IBH.  Defendant Malhotra and Defendant IBH staff the licensed nurse practitioners and nurses in skilled nursing homes and pays their salaries.  In exchange for free nursing services, the skilled nursing homes agreed to allow Defendant Malhotra and IBH to refer patients to hospitals where Defendant Malhotra has a financial relationship including Defendant Unity Psychiatric Care, Inc., in violation of the Stark Law.

b.  Defendant Dr. Malhotra and Defendant Unity bills Medicare using a CMS Form 1500 and/or Form 1450.  Each time, Defendant Dr. Malhotra and Defendant Unity submit a claim for reimbursement to CMS for the "prohibited referral" patients, they falsely certify that the referral is not in violation of the Anti-Kickback Statute and Stark Law.

c.  Defendants' referral and billing practices resulted in and continue to result in fraudulent billing to federal health care programs.

**E. Defendant Malhotra Paid Kickbacks in the Form of Free Nursing Services in Exchange for Patient Referrals**

58.     Defendant IBH provides psychological treatment to individuals including aging adults.  Additionally, IBH employs nearly thirty nurses and nurse practitioners. IBH staffs its

nurses and nurse practitioners with the following skilled nursing homes and assisted living facilities throughout Northern Alabama:

    a.  Athens-Limestone Health Services, L.L.C.

    b.  Valley View Health and Rehabilitation, L.L.C.

    c.  Franklin LTC, L.L.C. d/b/a Terrance Manor Nursing Home & Rehabilitation Center

    d.  Affinity Living Group, L.L.C. (Westminster in Decatur)

    e.  Diversicare of Big Springs, L.L.C.

    f.  Athens Health and Rehabilitation, L.L.C.

    g.  Madison Manor Nursing Home, L.L.C.

    h.  BLC Wellington-Hampton Cove, LLC

    i.  Regency Senior Living, L.L.C. d/b/a Regency Health Care & Rehab Center

    j.  NHC Moulton, Inc.

    k.  South Hampton Nursing & Rehabilitation Center, Inc.

    l.  Hanceville Health and Rehabilitation, Inc.

    m.  Sunbridge Healthcare, L.L.C. d/b/a River City Center

    n.  Heritage Assisted Living & Memory Care, L.L.C.

    o.  Defendant Signature Healthcare Clinical Consulting Services, L.L.C. d/b/a Signature Healthcare of Whitesburg Garden

    p.  Hanceville Nursing and Rehabilitation, Inc.

    q.  Summerford Nursing Home, Inc.

    r.  Diversicare Windsor House, LLC

    s.  Merrill Gardens, L.L.C.

t.   Cloverdale Healthcare, Inc. d/b/a/ Cloverdale Rehabilitation & Nursing Center

59.     Defendant Dr. Malhotra and IBH staffed their nurses at the Defendants' skilled nursing homes and assisted living facilities at no charge to the facilities.  In exchange for free nursing services performed in their facilities and for their benefit, the Defendant nursing homes, and assisted living facilities allowed Defendants Dr. Malhotra and IBH to refer its patients to medical facilities in which Defendant Malhotra has a financial relationship including Defendant Unity.

60.     Specifically, From July 2014 to the present, the Defendant nursing homes and assisted living facilities, through their agents, entered a conspiratorial agreement with Defendant Dr. Malhotra and Defendant IBH and their agents to refer patients to the medical facilities in which Defendant Malhotra has a financial relationship. The referrals were induced by unlawful kickbacks in the form of free nursing services provided to the nursing homes by Defendant Dr. Malhotra and Defendant Unity.

61.     On or about January 1, 2017, in Huntsville, Alabama, Athens-Limestone Health Services, LLC's employees Pam Smith and Ginger Hopper entered an agreement with Defendant Dr. Malhotra and Defendant IBH. From January 1, 2017, through the present, Defendants Dr. Malhotra and IBH would staff their nurses in the Athens-Limestone Health Services, LLC's facilities at no costs to the facility.  In exchange, Defendant Dr. Malhotra and IBH would refer Athens-Limestone Health Services' patients to Defendant Unity to be treated by Defendant Dr. Malhotra.  The agreement was made in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

62.     On or about January 1, 2017, patient C.C. was referred and admitted to Defendant Unity Psychiatric Hospital for acute psychological treatment.[2]   Patient C.C. was a resident of Defendant Athens-Limestone Health Services, LLC's facility.  Patient C.C. was referred to Unity by Defendants Dr. Malhotra and IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity.  Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Athens-Limestone Health Services, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Athens-Limestone Health Services, LLC.  Unity accepted the referral of Patient C.C. for psychological treatment at its facility with knowledge that such referral violated the Stark law.   Additionally, the referral was made pursuant to the conspiratorial agreement made on or about January 1, 2017, between Defendant Dr. Malhotra, Defendant Unity, and the agents of Defendant Athens-Limestone Health Services, LLC described in paragraph sixty-one (61) of this Complaint and in violation of the Anti-Kickback Statute.

63.     On or about January 16, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient C.C.  When Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare, they certified that the referral was not secured in violation of the federal Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

---

[2] *See* Exhibit A.  The Relators have given examples of patients, for which false claims for payments were submitted to the government.  To protect the patients' protected health information, the Relators have attached a redacted list of the patients' full name listed throughout the Complaint in Exhibit A.  The Relators will submit an unredacted version of Exhibit A, *in camera*.

64.     On or about January 1, 2017, patient W.G. was referred and admitted to Defendant Unity for acute psychological treatment.   Patient W.G. was a resident of Defendant Athens-Limestone Health Services, L.LC.   Patient W.G. was referred to Unity by Defendant Dr. Malhotra and IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Defendant Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Athens-Limestone Health Services, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Athens-Limestone Health Services, LLC. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about January 1, 2017, between Defendant Dr. Malhotra, Defendant Unity, and the agents of Defendant Athens-Limestone Health Services, LLC described in paragraph sixty-one (61) of this Complaint and in violation of the Anti-Kickback Statute.

65.     On or about January 16, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient W.G.  When Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare, they certified that the referral was not secured in violation of the federal Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

66.     On or about January 1, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant Valley View Health and Rehabilitation, LLC's administrator (Tom), entered a conspiratorial agreement that Defendants Dr. Malhotra and IBH would staff their nurses in Defendant Valley View Health and Rehabilitation, LLC's facility at no costs to the facility. In exchange, Defendant Dr. Malhotra and IBH would refer Valley View Health and

Rehabilitation's patients to Defendant Unity to be treated by Defendant Dr. Malhotra. The agreement was made in violation of the Anti-Kickback Statute and Stark Law.

67.      On or about January 1, 2017, patient B.H. was referred and admitted to Defendant Unity for acute psychological treatment.  Patient B.H. was a resident of Defendant Valley View Health and Rehabilitation, LLC's facility.  Patient B.H. was referred to Unity by Dr. Malhotra and IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity.  Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Athens-Valley View Health and Rehabilitation, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Valley View Health and Rehabilitation, LLC. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about January 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agent of Defendant Valley View Health and Rehabilitation, LLC, described in paragraph sixty-six (66) of this Complaint and in violation of the Anti-Kickback Statute.

68.      On or about January 16, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient B.H.  When Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare, they certified that the referral was not secured in violation of the federal Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

69.      Patient B.H. was again referred and admitted to Defendant Unity Psychiatry Hospital for acute psychological treatment on or about April 3, 2017.  Patient B.H. was a resident of Defendant Valley View Health and Rehabilitation, LLC's facility.  Patient B.H. was referred to Unity by Dr. Malhotra and IBH in violation of the Stark Law because of Defendant Dr. Malhotra's

financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Athens-Valley View Health and Rehabilitation, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Valley View Health and Rehabilitation, LLC. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about January 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agent of Defendant Valley View Health and Rehabilitation, LLC, described in paragraph sixty-six (66) of this Complaint and in violation of the Anti-Kickback Statute.

70.     On or about January 16, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient B.H. When Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare, they certified that the referral was not secured in violation of the federal Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

71.     On or about January 1, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant Terrace Manor Nursing Home & Rehabilitation Center's employees Whitney Holladay and Shannon Smith entered a conspiratorial agreement that Defendants Dr. Malhotra and IBH would staff their nurses in Defendant Terrace Manor Nursing Home & Rehabilitation Center's facility at no costs to the facility. In exchange, Defendant Dr. Malhotra and IBH would refer Defendant Terrace Manor Nursing Home & Rehabilitation Center's patients to Defendant Unity to be treated by Defendant Dr. Malhotra. The agreement was made in violation of the Anti-Kickback Statute and Stark Law.

72.     On or about January 1, 2017, patient V.F. was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient V.F. was a resident of Defendant Terrance Manor

Nursing Home & Rehabilitation Center.  Patient V.F. was referred to Unity by Defendants Dr. Malhotra and IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Defendant Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Terrace Manor Nursing Home & Rehabilitation Center because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Terrace Manor Nursing Home & Rehabilitation Center.  Additionally, the referral was made pursuant to the conspiratorial agreement made on or about January 1, 2017, between Defendant Dr. Malhotra, Defendant IBH, and the agent of Defendant Terrace Manor Nursing Home & Rehabilitation Center described in paragraph seventy-one (71) of this Complaint and in violation of the Anti-Kickback Statute.

73.     On or about January 16, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient V.F.   When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

74.     On or about January 1, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant Affinity Living Group's (Westminster in Decatur) administrator, Cynthia, entered a conspiratorial agreement that Defendants Dr. Malhotra and IBH would staff their nurses in Defendant Affinity Living Group's facility at no costs to the facility.  In exchange, Defendant Dr. Malhotra and IBH would refer Defendant Affinity Living Group's patients to Defendant Unity to be treated by Defendant Dr. Malhotra.  The agreement was made in violation of the Anti-Kickback Statute and Stark Law.

75.     On or about January 1, 2017, patient M.C. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient M.C. was a resident of Defendant Affinity Living Group, Inc. (Westminster in Decatur) facility.  Patient M.C. was referred to Unity by Defendants Dr. Malhotra and IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Defendant Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Affinity Living Group, Inc. (Westminister in Decatur) because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Affinity Living Group, Inc. (Westminister in Decatur).  Additionally, the referral was made pursuant to the conspiratorial agreement made on or about January 1, 2017, between Defendant Dr. Malhotra, Defendant IBH, and the agent of Defendant Affinity Living Group, Inc., described in paragraph seventy-four (74) of this Complaint and in violation of the Anti-Kickback Statute.

76.     On or about January 16, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient M.C. When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

77.     On or about February 1, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant Diversicare of Big Springs, LLC's administrator Kathy Gipson, entered a conspiratorial agreement that Defendant Dr. Malhotra and Defendant IBH would staff their nurses in Defendant Diversicare of Big Springs' facility at no costs to the facility. In exchange, Defendant Dr. Malhotra and IBH would refer Diversicare of Big Springs' patients to

Defendant Unity to be treated by Defendant Dr. Malhotra. The agreement was made in violation of the Anti-Kickback Statute and Stark Law.

78.     On or about February 1, 2017, patient Plotka was referred and admitted to Defendant Unity psychiatry Hospital for acute psychological treatment.  Patient Plotka was a resident of Defendant Diversicare of Big Springs, L.L.C.'s facility.  Patient Plotka was referred to Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Diversicare of Big Springs, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Defendant Diversicare of Big Springs, LLC.  Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH, and the agent of Defendant Diversicare of Big Springs, described in paragraph seventy-seven (77) of this Complaint and in violation of the Anti-Kickback Statute.

79.     On or about February 15, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient Plotka. When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

80.     On or about February 1, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant Athens Health and Rehabilitation, LLC's employee Tammy Black entered into a conspiratorial agreement that Defendant Dr. Malhotra and Defendant IBH would staff their nurses in Defendant Athens Health and Rehabilitation, LLC's facility at not costs to the

facility.  In exchange, Defendant Dr. Malhotra and Defendant IBH would refer Defendant Athens Health and Rehabilitation's patients to Defendant Unity be treated by Dr. Malhotra. The agreement was made in violation of the Anti-Kickback and Stark Law.

81.     On or about February 1, 2017, patient E.S. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient E.S. was a resident of Defendant Athens Health and Rehabilitation, L.L.C. Patient E.S. was referred to Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Act because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Athens Health and Rehabilitation, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Athens Health and Rehabilitation, LLC. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH, and the agent of Defendant Athens Health and Rehabilitation, LLC, described in paragraph eighty (80) of this Complaint and in violation of the Anti-Kickback Statute.

82.     On or about February 15, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient E.S.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

83.     On or about February 1, 2017, patient I.B. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient I.B. was a resident of Defendant Athens Health and Rehabilitation, L.L.C.  Patient I.B. was referred to Unity by Defendant Dr. Malhotra and Defendant

IBH in violation of the Stark Act because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Athens Health and Rehabilitation, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Athens Health and Rehabilitation, LLC. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH, and the agent of Defendant Athens Health and Rehabilitation, LLC, described in paragraph eighty (80) of this Complaint and in violation of the Anti-Kickback Statute.

84.    On or about February 15, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient E.S. When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

85.    On or about February 1, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant Madison Manor Nursing Home, LLC's employees Felita Smith and Misha Race entered a conspiratorial agreement that Defendants Dr. Malhotra and IBH would staff their nurses in Defendant Madison Manor's facilities at not costs to the facility. In exchange, Defendant Dr. Malhotra and IBH would refer Madison Manor's patient to Defendant Unity to be treated by Defendant Dr. Malhotra. The agreement was made in violation of the Anti-Kickback Statute and Stark Law.

86.    On or about February 1, 2017, patient N.M. was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient I.B. was a resident of Defendant Madison Manor

Nursing Home, LLC. Patient N.M. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Madison Manor Nursing Home, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Madison Manor Nursing Home, LLC. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Madison Manor Nursing Home, LLC, described in paragraph eighty-five (85) of this Complaint and in violation of the Anti-Kickback Statute.

87.     On or about February 15, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient N.M. When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

88.     On or about February 1, 2017, patient E.C. was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient E.C. was a resident of Defendant Madison Manor Nursing Home, L.L.C. Patient E.C.  was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Madison Manor Nursing Home, L.L.C. because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Madison Manor Nursing Home, LLC. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about

February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Madison Manor Nursing Home, LLC, described in paragraph eighty-five (85) of this Complaint and in violation of the Anti-Kickback Statute.

89.     On or about February 15, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient E.C.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

90.     On or about February 7, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant BLC Wellington-Hampton Cove, LLC's employee Sarah Collier, entered a conspiratorial agreement that Defendant Dr. Malhotra and Defendant IBH would staff their nurses in Defendant BLC Wellington-Hampton Cove, LLC's facility at no costs to the facility.  In exchange, Defendant Dr. Malhotra and IBH would refer Defendant BLC Wellington-Hampton Cove, LLC's patients to Defendant Unity to be treated by Defendant Dr. Malhotra. This agreement was made in violation of the Anti-Kickback Statute and Stark Law.

91.     On or about February 7, 2017, patient R.B. was referred to Defendant Unity Psychiatry Hospital for acute psychological treatment.  Patient R.B. was resident of Defendant BLC Wellington- Hampton Cove, LLC.  Patient R.B. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant BLC Wellington- Hampton Cove because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at BLC Wellington-

Hampton Cove.   Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 7, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Madison Manor Nursing Home, LLC, described in paragraph ninety (90) of this Complaint and in violation of the Anti-Kickback Statute.

92.      On or about February 21, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient R.B.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.   Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

93.      On or about March 1, 2017, patient A.L. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient A.L. was a resident of Defendant Valley View Health and Rehabilitation, L.L.C.  Patient A.L. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Valley View Health and Rehabilitation, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Valley View Health and Rehabilitation LLC.   Additionally, the referral was made pursuant to the conspiratorial agreement made on or about January 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Valley View Health and Rehabilitation, LLC described in paragraph sixty-six (66) of this Complaint and in violation of the Anti-Kickback Statute.

94.      On or about February 21, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient

A.L.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

95.     On Or about March 3, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant Regency Health Care & Rehab Center's administrator, Jaine, entered a conspiratorial agreement that Defendant Dr. Malhotra and Defendant IBH would staff their nurses in Defendant Regency Health Care & Rehab Center's facility at no costs to the facility. In exchange, Defendant Dr. Malhotra and Defendant IBH would refer Defendant Regency Health Care & Rehab Center's patient to Defendant Unity to be treated by Dr. Malhotra. The agreement was made in violation of the Anti-Kickback Statute and Stark Law.

96.     On or about March 3, 2017, patient M.S. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient M.S. was a resident of Defendant Regency Health Care & Rehab Center skilled nursing facility.  Patient M.S. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Regency Health Care & Rehab Center because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Regency Health Care & Rehab Center.   Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 3, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Regency Health Care & Rehab Center, described in paragraph ninety-five (95) of this Complaint and in violation of the Anti-Kickback Statute.

97.     On or about March 17, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient M.S.   When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

98.     On or about March 9, 2017, patient C.J. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient C.J. was a resident of Defendant Diversicare of Big Springs skilled nursing facility.  Patient C.J. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Diversicare of Big Springs because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Diversicare of Big Springs, LLC. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Diversicare of Big Springs, described in paragraph seventy-seven (77) of this Complaint and in violation of the Anti-Kickback Statute.

99.     On or about March 17, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient C.J.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

100.    On or about March 13, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant NHC Moulton Inc's employees, Holly Harbin and Julie Filway, entered into a conspiratorial agreement that Defendants Dr. Malhotra and IBH would staff their nurses in Defendant NHC Moulton's facility at not costs to the facility.  In exchange, Defendant Dr. Malhotra and Defendant IBH would refer Defendant NHC Moulton's patient to Defendant Unity to be treated by Defendant Dr. Malhotra. The agreement was made in violation of the Anti-Kickback Statute and Stark Law.

101.    On or about March 13, 2017, patient G.C. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient G.C. was a resident of Defendant NHC Moulton, Inc.'s skilled nursing facility.  Patient G.C. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant NHC Moulton, Inc. because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at NHC Moulton, Inc.   Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 13, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant NHC Moulton, Inc, described in paragraph one hundred (100) of this Complaint and in violation of the Anti-Kickback Statute.

102.    On or about March 27, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient G.C.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and

Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

103.    On or about March 15, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant South Hampton Nursing & Rehabilitation Center, Inc.'s employees Katrina Montague & Ginger Walker that Defendant Dr. Malhotra and Defendant IBH would staff their nurses in Defendant South Hampton Nursing & Rehabilitation Center, Inc.'s facility at no costs to the facility.  In exchange, Defendant Dr. Malhotra and Defendant IBH would refer South Hampton Nursing & Rehabilitation Center's patients to Defendant Unity to be treated by Defendant Dr. Malhotra. The agreement was in violation of the Anti-Kickback Statute and Stark Law.

104.    On or about March 15, 2017, patient E.S. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient E.S. was a resident of Defendant South Hampton Nursing & Rehabilitation Center, Inc.'s skilled nursing facility.  Patient E.S. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant South Hampton Nursing & Rehabilitation Center, Inc. because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at South Hampton Nursing & Rehabilitation Center, Inc. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 15, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant South Hampton Nursing & Rehabilitation Center Inc., described in paragraph one hundred and three (103) of this Complaint and in violation of the Anti-Kickback Statute.

105.    On or about March 29, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient E.S.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

106.    On or about March 15, 2017, patient R.M. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient R.M. was a resident of Defendant Regency Health Care & Rehab Center's skilled nursing facility.  Patient R.M. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Regency Health Care & Rehab Center because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Regency Health Care & Rehab Center.   Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 3, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Regency Health Care & Rehab Center described in paragraph ninety-five (95) of this Complaint and in violation of the Anti-Kickback Statute.

107.    On or about March 29, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient R.M.   When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

108.     On or about March 17, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant Hanceville Health and Rehabilitation, Inc.'s employee Michael Vickers entered a conspiratorial agreement that Defendants Dr. Malhotra and IBH would staff their nurses in Defendant Hanceville Health and Rehabilitation, Inc.'s facility at no costs to the facility. In exchange, Defendant Dr. Malhotra and Defendant IBH would refer Defendant Hanceville Health and Rehabilitation, Inc.'s patients to Defendant Unity to be treated by Defendant Dr. Malhotra. The agreement was made in violation of the Anti-Kickback Statute and Stark Law.

109.     On or about March 17, 2017, patient N.S. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient N.S. was resident of Defendant Hanceville Health and Rehabilitation, Inc.  Patient N.S. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Hanceville Health and Rehabilitation, Inc.  because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Hanceville Health and Rehabilitation, Inc.   Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 17, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Hanceville Health and Rehabilitation, Inc., described in paragraph one hundred and eight (108) of this Complaint and in violation of the Anti-Kickback Statute.

110.     On or about March 31, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient N.S.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and

Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

111.   On or about March 17, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant River City Center's employee, Mark Tuggle, entered a conspiratorial agreement that Defendants Dr. Malhotra and IBH would staff their nurses in Defendant River City Center's facility at no cost to the facility. In exchange, Defendant Dr. Malhotra and IBH would refer Defendant River City Center's patients to Defendant Unity to be treated by Defendant Dr. Malhotra. The agreement was made in violation of the Anti-Kickback Statute and Stark Law.

112.   On or about March 17, 2017, patient Y.J. was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient Y.J. was resident of Defendant River City Center's skilled nursing facility. Patient Y.J. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant River City Center because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at River Center City. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 17, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant River City Center, described in paragraph one hundred and eleven (111) of this Complaint and in violation of the Anti-Kickback Statute.

113.   On or about March 31, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient Y.J. When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare,

they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

114. On or about March 20, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant Heritage Assisted Living &Memory Care, LLC's employee Janie Crouse, made a conspiratorial agreement that Defendant Malhotra and Defendant Unity would staff their nurses in Defendant Heritage Assisted Living & Memory Care, LLC's facility at no costs to the facility. In exchange, Defendant Malhotra and Defendant IBH would refer Defendant Heritage Assisted Living & Memory Care, LLC's patient to Defendant Unity to be treated by Dr. Malhotra. The agreement was made in violation of the Anti-Kickback Statue and Stark Law.

115. On or about March 20, 2017, patient R.M. was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient R.M. was a patient of Defendant Heritage Assisted Living & Memory Care, LLC's skilled nursing facility. Patient R.M. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Heritage Assisted Living & Memory Care, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Heritage Assisted Living & Memory Care, LLC. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 20, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Heritage Assisted Living & Memory Care, LLC, described in paragraph one hundred and fourteen (114) of this Complaint and in violation of the Anti-Kickback Statute.

116.     On or about April 3, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient R.M.   When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.   Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

117.     On or about March 22, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant Signature Healthcare of Whitesburg Garden's employee, Robyn Shauna, made a conspiratorial agreement that Defendant Dr. Malhotra and Defendant IBH would staff their nurses in Defendant Signature Healthcare of Whitesburg Garden's facility at no costs to the facility.   In exchange, Defendant Dr. Malhotra and IBH would refer Defendant Signature Healthcare of Whitesburg Garden's patient to the Defendant Unity to be treated by Defendant Dr. Malhotra. The agreement was made in violation of the Anti-Kickback Statute and Stark Law.

118.     On or about March 22, 2017, patient D.B. was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient D.B. was a resident of Defendant Signature HealthCare of Whitesburg Garden's skilled nursing facility. Patient D.B. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Signature Healthcare of Whitesburg Garden because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Signature Healthcare of Whitesburge Garden. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 20, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Signature Healthcare of Whitesburg

Garden, described in paragraph one hundred and seventeen (117) of this Complaint and in violation of the Anti-Kickback Statute.

119.    On or about April 5, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient D.B.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

120.    On or about March 22, 2017, patient A.C. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient A.C. was a resident of Defendant Hanceville Nursing and Rehabilitation, Inc.  Patient A.C. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity.  Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Hanceville Nursing and Rehabilitation, Inc.  because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Hanceville Nursing and Rehabilitation, Inc.  Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 17, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Hanceville Health and Rehabilitation, Inc., described in paragraph one hundred and eight (108) of this Complaint and in violation of the Anti-Kickback Statute.

121.    On or about April 5, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient A.C.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and

Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

122.    On or about March 24, 2017, patient R.B. was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient R.B. was a resident of Defendant Athens- Limestone Health Services, LLC.  Patient R.B. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity.  Additionally, the referral was made pursuant to the conspiratorial agreement made on or about January 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Athens-Limestone Health Services, LLC, described in paragraph sixty-one of this Complaint and in violation of the Anti-Kickback Statute.  On or about April 7, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient R.B.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.

123.    On or about April 1, 2017, patient L.B. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient L.B. was a resident of Defendant Valley View Health and Rehabilitation, LLC facility.  Patient L.B. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Valley View Health and Rehabilitation, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Valley View Health and Rehabilitation, LLC.    Additionally, the referral was made pursuant to the conspiratorial agreement made on or about January 1, 2017, between Defendant Dr. Malhotra,

Defendant IBH and the agents of Defendant Valley View Health and Rehabilitation, LLC, described in paragraph sixty-six (66) of this Complaint and in violation of the Anti-Kickback Statute.

124.    On or about April 21, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient L.B.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

125.    On or about April 3, 2017, patient K.M. was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient K.M. was a resident of Defendant Athens-Limestone Health Services, L.L.C. Patient K.M. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Athens-Limestone Health Services, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Athens-Limestone Health Services, LLC. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about January 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Athens-Limestone Health Services, LLC, described in paragraph sixty-one (61) of this Complaint and in violation of the Anti-Kickback Statute.

126.    On or about April 17, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient K.M.   When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to

Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

127.    On or about April 4, 2017, patient P.F. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient P.F. was a resident of Defendant Heritage Assisted Living & Memory Care, L.L. C's skilled nursing facility.  Patient P.F. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Heritage Assisted Living & Memory Care, LLC. because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Heritage Assisted Living & Memory Care, LLC.   Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 20, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Heritage Assisted Living & Memory Care, LLC, described in paragraph one hundred and fourteen (114) of this Complaint and in violation of the Anti-Kickback Statute.

128.    On or about April 18, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient K.M.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

129.    On or about April 7, 2017, patient D.T. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient D.T. was a resident of Defendant Diversicare of Big

Springs facility.  Patient D.T. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Diversicare of Big Springs because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Diversicare of Big Springs.   Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Diversicare of Big Springs, described in paragraph seventy-seven (77) of this Complaint and in violation of the Anti-Kickback Statute.

130.    On or about April 21, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient D.T.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

131.    On or about April 7, 2017, patient E.H. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient E.H. was a resident of Defendant Diversicare of Big Springs facility.  Patient E.H. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Diversicare of Big Springs because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Diversicare of Big Springs. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017,

between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Diversicare of Big Springs, described in paragraph seventy-seven (77) of this Complaint and in violation of the Anti-Kickback Statute.

132.    On or about April 21, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient E.HR.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

133.    On or about April 10, 2017, patient G.L. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient G.L. was a resident of Defendant Regency Health Care & Rehab Center's skilled nursing facility.  Patient G.L. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Regency Health Care & Rehab Center because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Regency Health Care & Rehab Center.   Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 3, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Regency Health Care & Rehab Center, described in paragraph ninety-five (95) of this Complaint and in violation of the Anti-Kickback Statute.

134.    On or about April 24, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient G.L.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare,

they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

135.   On or about April 12, 2017, patient M.O. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient M.O. was a resident of Defendant Diversicare of Big Springs skilled nursing facility.  Patient M.O. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Diversicare of Big Springs because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Diversicare of Big Springs. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Diversicare of Big Springs, described in paragraph seventy-seven (77) of this Complaint and in violation of the Anti-Kickback Statute.

136.   On or about April 26, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient M.O.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

137.   On or about April 13, 2017, patient Y.T. was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient Y.T. was resident of Defendant Regency Health Care and Rehab Center's skilled nursing facility.  Patient Y.T. was referred to Defendant Unity by

Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Regency Health Care and Rehab Center because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Regency Health Care and Rehab Center. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 3, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Regency Health Care and Rehab Center, described in paragraph ninety-five (95) of this Complaint and in violation of the Anti-Kickback Statute.

138.    On or about April 26, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient Y.T. When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

139.    On or about April 13, 2017, patient L.L. was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient L.L. was a resident of Defendant Regency Health Care & Rehab Center's facility. Patient L.L. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Regency Health Care & Rehab Center because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Regency Health Care & Rehab Center. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 3, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of

Defendant Regency Health Care and Rehab Center, described in paragraph ninety-five (95) of this Complaint and in violation of the Anti-Kickback Statute.

140.     On or about April 27, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient L.L.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.   Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

141.     On or about April 14, 2017, patient Y.T. was referred and admitted to Defendant Unity for acute psychiatric treatment.   Patient Y.T. was a resident of Defendant Regency Health Care & Rehab Center's facility.   Patient Y.T.  was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Regency Health Care & Rehab Center's because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Regency Health Care & Rehab Center. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 3, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Regency Health Care and Rehab Center, described in paragraph ninety-five (95) of this Complaint and in violation of the Anti-Kickback Statute.

142.     On or about April 28, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient Y.T.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and

Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

143.    On or about April 17, 2017, patient P.M. was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient P.M. was a resident of Defendant Diversicare of Big Springs' skilled nursing facility. Patient P.M. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Diversicare of Big Springs because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Diversicare of Big Springs. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Diversicare of Big Springs, described in paragraph seventy-seven (77) of this Complaint and in violation of the Anti-Kickback Statute.

144.    On or about May 1, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient P.M. When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

145.    On or about April 20, 2017, patient J.M. was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient J.M. was a resident of Defendant Regency Health Care & Rehab Center's nursing skills homes. Patient J.M. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant

Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Regency Health Care & Rehab Center because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Regency Health Care & Rehab. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 3, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Regency Health Care and Rehab Center, described in paragraph ninety-five (95) of this Complaint and in violation of the Anti-Kickback Statute.

146.    On or about May 4, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient J.M. When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

147.    On or about April 25, 2017, patient J.L. was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient J.L. was a patient Defendant Athens Health and Rehabilitation, LLC. Patient J.L. was referred to Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Act because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Athens Health and Rehabilitation, LLC. because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Athens Health and Rehabilitation, LLC. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH, and the agent of Defendant Athens Health and

Rehabilitation, LLC, described in paragraph eighty (80) of this Complaint and in violation of the Anti-Kickback Statute.

148.    On or about May 9, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient J.L.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

149.    On or about May 2, 2017, patient M.M. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient M.M. was a resident of Defendant Regency Health Care & Rehab Center's skilled nursing facility.   Patient M.M. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Regency Health Care because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Regency Health Care. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 3, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Regency Health Care and Rehab Center, described in paragraph ninety-five (95) of this Complaint and in violation of the Anti-Kickback Statute.

150.    On or about May 16, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient M.M.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback

Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

151.    On or about May 3, 2017, patient H.C. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient H.C. was a resident of Defendant Valley View Health and Rehabilitation, L.L. C's skilled nursing home.  Patient H.C. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Valley View Health and Rehabilitation, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Valley View Health and Rehabilitation, LLC.   Additionally, the referral was made pursuant to the conspiratorial agreement made on or about January 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Valley View Health and Rehabilitation, LLC, described in paragraph sixty-six (66) of this Complaint and in violation of the Anti-Kickback Statute.

152.    On or about May 17, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient H.C.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

153.    On or about May 4, 2017, patient A.P. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient A.P. was a patient of Defendant Athens Health and Rehabilitation, L.L.C. Patient A.P. was referred to Unity by Defendant Dr. Malhotra and

Defendant IBH in violation of the Stark Act because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Athens Health and Rehabilitation, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Athens Health and Rehabilitation, LLC. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH, and the agent of Defendant Athens Health and Rehabilitation, LLC, described in paragraph eighty (80) of this Complaint and in violation of the Anti-Kickback Statute.

154.    On or about May 18, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient A.P.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

155.    On or about May 4, 2017, patient A.R. was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient A.R. was a resident of Defendant Valley View Health and Rehabilitation, LLC's facility.  Patient A.R. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Valley View Health and Rehabilitation, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Valley View Health and Rehabilitation, LLC.  Additionally, the referral was made pursuant to the conspiratorial agreement made on or about January 1, 2017, between Defendant Dr. Malhotra, Defendant IBH

and the agents of Defendant Valley View Health and Rehabilitation, LLC, described in paragraph sixty-two (62) of this Complaint and in violation of the Anti-Kickback Statute.

156.    On or about May 18, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient A.R.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.   Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

157.    On or about May 4, 2017, patient A.O. was referred and admitted to Defendant Unity for acute psychiatric treatment.   Patient A.O. was a resident of Defendant NHC Healthcare/ Moulton, Inc. skilled nursing facility.   Patient A.O. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity.   Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant NHC Healthcare/Moulton Inc.   because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at NHC Healthcare/Moulton, Inc.  Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 13, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant NHC Moulton, Inc, described in paragraph one hundred (100) of this Complaint and in violation of the Anti-Kickback Statute.

158.    On or about May 18, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient A.O.   When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback

Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

159.    On or about May 5, 2017, patient B.B. was referred and admitted to Defendant Unity for acute psychiatric treatment.   Patient B.B. was a patient of Defendant Athens Health and Rehabilitation, L.L.C. Patient B.B. was referred to Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Act because of Defendant Dr. Malhotra's financial relationship with Unity.  Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Athens Health and Rehabilitation, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Athens Health and Rehabilitation, LLC. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH, and the agent of Defendant Athens Health and Rehabilitation, LLC, described in paragraph eighty (80) of this Complaint and in violation of the Anti-Kickback Statute.

160.    On or about May 19, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient B.B.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

161.    On or about May 16, 2017, patient B.B. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient B.B. was a resident of Defendant Regency Health Care & Rehab Center's skilled nursing facility.  Patient B.B. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant

Dr. Malhotra's financial relationship with Unity.  Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Regency Health care & Rehab Center because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Regency Health Care & Rehab Center.  Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 3, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Regency Health Care and Rehab Center, described in paragraph ninety-five (95) of this Complaint and in violation of the Anti-Kickback Statute.

162.    On or about May 30, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient B.B.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

163.    On or about May 24, 2017, patient B.S. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient B.S. was a resident of Defendant Regency Health Care & Rehab Center's skilled nursing facility.  Patient B.S. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Regency Health Care & Rehab Center because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Regency Health Care & Rehab Center.  Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 3, 2017, between Defendant Dr. Malhotra, Defendant IBH and

the agents of Defendant Regency Health Care and Rehab Center, described in paragraph ninety-five (95) of this Complaint and in violation of the Anti-Kickback Statute.

164.    On or about June 6, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient B.S.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

165.    On or about May 24, 2017, patient C.L. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient C.L. was a resident of Defendant River City Center skilled nursing facility.  Patient C.L. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant River City Center because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at River City Center. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 17, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant River City Center, described in paragraph one hundred and eleven (111) of this Complaint and in violation of the Anti-Kickback Statute.

166.    On or about June 7, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient C.L.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and

Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

167. On or about May 31, 2017, patient K.S. was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient K.S. was a resident of Defendant Diversicare of Big Springs skilled nursing facility. Patient K.S. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Diversicare of Big Springs because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Diversicare of Big Springs. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Diversicare of Big Springs, described in paragraph seventy-seven (77) of this Complaint and in violation of the Anti-Kickback Statute.

168. On or about June 13, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient K.S. When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

169. On or about May 31, 2017, patient A.W. was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient A.W. was a resident of Defendant was resident of Defendant BLC Wellington- Hampton Cove, LLC. Patient A.W. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant

Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant BLC Wellington-Hampton Cove, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at BLC Wellington-Hampton, Cove, LLC.   Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant BLC Wellington-Hampton Cove described in paragraph ninety (90) of this Complaint and in violation of the Anti-Kickback Statute.

170.    On or about June 13, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient A.W.   When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.   Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

171.    On or about June 2, 2017, patient W.P. was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient W.P. was a resident of Defendant Valley View Health and Rehabilitation, LLC's skilled nursing facility.  Patient W.P. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Valley View Health and Rehabilitation, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Valley View Health and Rehabilitation, LLC.  Additionally, the referral was made pursuant to the conspiratorial agreement made on or about January 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Valley View Health and Rehabilitation, LLC,

described in paragraph sixty-six (66) of this Complaint and in violation of the Anti-Kickback Statute.

172.    On or about June 16, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient A.R.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

173.    On or about June 2, 2017, patient R.L. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient R.L. was a resident of Defendant River City Center's skilled nursing facility.  Patient R. L. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant River City Center because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at River City Center. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 17, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant River City Center, described in paragraph one hundred and eleven (111) of this Complaint and in violation of the Anti-Kickback Statute.

174.    On or about June 16, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient R.L.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and

Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

175.    On or about June 6, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant Summerford Nursing Home's employees Kyla Blackwood and Debbie Johnson entered a conspiratorial agreement that Defendant Dr. Malhotra and Defendant IBH would staff their nurses in Defendant Summerford Nursing Home's facility at no costs to the facility.  In exchange, Defendant Dr. Malhotra and Defendant IBH would refer Summerford Nursing Home's patients to Defendant Unity to be treated by Defendant Dr. Malhotra. The agreement was made in violation of the Anti-Kickback Statute and Stark Law.

176.    On or about June 6, 2017, patient S.C. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient S.C. was a resident of Summerford Nursing Home, Inc.'s skilled nursing facility.  Patient S.C. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Summerford Nursing Home because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Summerford Nursing Home. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about June 6, 2017, between Defendant Dr. Malhotra, Defendant IBH, and the agent of Defendant Summerford Nursing Home as described in paragraph one hundred and one hundred and seventy five (175) of the Complaint and in violation of the Anti-Kickback Statute.

177.    On or about June 20, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient S.C.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare,

they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

178.    On or about June 7, 2017, patient J.S. was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient J.S. was a resident of Defendant Diversicare of Big Springs. Patient J.S. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Diversicare of Big Springs because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Diversicare of Big Springs. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Diversicare of Big Springs, described in paragraph seventy-seven (77) of this Complaint and in violation of the Anti-Kickback Statute.

179.    On or about June 21, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient J.S. When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

180.    On or about July 1, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant Diversicare Windsor House LLC's employee Kate Hogan, entered a conspiratorial agreement that Defendant Dr. Malhotra and Defendant IBH would staff their nurses in Defendant Diversicare Windsor House LLC's facility at no costs to the facility. In

exchange, Defendant Dr. Malhotra and Defendant IBH would refer Windsor House LLC's patients to Defendant Unity to be treated by Defendant Dr. Malhotra. The agreement was made in violation of the Anti-Kickback Statute and Stark Law.

181.     On or about July 1, 2017, patient D.J. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient D.J. was a resident of Defendant Diversicare Windsor House, LLC's facility.  Patient D.J. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity.  Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Diversicare of Windsor house, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Diversicare of Windsor House. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about July 1, 2017, between Defendant Dr. Malhotra, Defendant IBH, and the agent of Defendant Windsor House, LLC's agent as described in paragraph one hundred and eighty (180) of the Complaint and in violation of the Anti-Kickback Statute.

182.     On or about July 14, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient D.J.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

183.     On or about July 1, 2017, patient Klundt was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient Klundt was a resident of Defendant River City Center skilled nursing facility.  Patient Klundt was referred to Defendant Unity by Defendant Dr.

Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant River City Center because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at River City Center. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 17, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant River City Center, described in paragraph one hundred and eleven (111) of this Complaint and in violation of the Anti-Kickback Statute.

184.    On or about July 17, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient Klundt.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

185.    On or about July 13, 2017, patient P.K. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient P.K. was a resident of Defendant NHC Healthcare/ Moulton, Inc.'s skilled nursing facility.  Patient R.K. NHC was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity.  Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant NHC Healthcare Moulton, Inc.  because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at NHC Healthcare Moulton, Inc. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 13, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of

Defendant NHC Moulton, Inc, described in paragraph one hundred (100) of this Complaint and in violation of the Anti-Kickback Statute.

186.     On or about March 27, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient P.K.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

187.     On or about July 20, 2017, patient B.P. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient B.P. was a resident of Defendant Heritage Assisted Living & Memory Care, L.L.C.'s skilled nursing facility.  Patient B.P. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Heritage Assisted Living & Memory Care, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Heritage Assisted Living & Memory Care, LLC.  Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 20, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Heritage Assisted Living & Memory Care, LLC, described in paragraph one hundred and fourteen (114) of this Complaint and in violation of the Anti-Kickback Statute.

188.     On or about August 3, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient B.P.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare,

they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.

189.    On or about August 1, 2018, patient D.L. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient D.L. was a resident of Defendant Regency Health Care & Rehab Center's skilled nursing facility.  Patient D.L. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Regency Health Care & Rehab Center because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Regency Health Care & Rehab Center.   Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 3, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Regency Health Care and Rehab Center, described in paragraph ninety-five (95) of this Complaint and in violation of the Anti-Kickback Statute.

190.    On or about May 30, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient D.L.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.   Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

191.    On or about August 1, 2018, patient D.D. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient D.D. was a patient of Defendant Athens-Limestone Health Services, LLC.  Patient D.D. was referred to Unity by Defendants Dr. Malhotra and IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with

Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Athens-Limestone Health Services, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Athens-Limestone Health Services, LLC. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about January 1, 2017, between Defendant Dr. Malhotra, Defendant Unity, and the agents of Defendant Athens-Limestone Health Services, LLC described in paragraph sixty-one (61) of this Complaint and in violation of the Anti-Kickback Statute.

192.     On or about August 15, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient D.D.  When Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare, they certified that the referral was not secured in violation of the federal Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

193.     On or about August 2, 2018, patient D.N. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient D.N. was resident of Defendant Regency Health Care & Rehab Center skilled nursing facility.  Patient D.N. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Regency Health Care and Rehab Center because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Regency Health Care and Rehab Center.  Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 3, 2017, between Defendant Dr. Malhotra, Defendant IBH and

the agents of Defendant Regency Health Care and Rehab Center, described in paragraph ninety-five (95) of this Complaint and in violation of the Anti-Kickback Statute.

194.    On or about August 16, 2018, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient D.N.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

195.    On or about August 9, 2018, in Huntsville, AL, Defendant Dr. Malhotra, Defendant IBH, and Defendant Merrill Gardens' employee, Candis Taheny, entered a conspiratorial agreement that Defendants Malhotra and IBH would staff their nurses in Defendant Merrill Gardens' facility at no costs to the facility.  In exchange, Defendant Dr. Malhotra and IBH would refer Defendant Merrill Gardens' patient to Defendant Unity to be treated by Defendant Dr. Malhotra. The agreement was made in violation of the Anti-Kickback Statute and Stark Law.

196.    On or about August 9, 2018, patient J.M. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient J. M.  was resident of Defendant Merrill Gardens, L.L.C.  Patient J.M.  was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Merrill Gardens because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Merrill Gardens.  Additionally, the referral was made pursuant to the conspiratorial agreement made on or about August 9, 2018, between Defendant Dr. Malhotra, Defendant IBH

and the agents of Defendant Merrill Gardens, described in paragraph one hundred and ninety five (195) of this Complaint and in violation of the Anti-Kickback Statute.

197.    On or about August 21, 2018, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient J.M.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

198.    On or about August 13, 2018, patient P.H. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient P.H. was resident of Defendant Diversicare of Big Springs, L.L.C.  Patient P.H. was referred to Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity.  Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Diversicare of Big Springs because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Diversicare of Big Springs. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH, and the agent of Defendant Diversicare of Big Springs, described in paragraph seventy-seven (77) of this Complaint and in violation of the Anti-Kickback Statute.

199.    On or about August 28, 2018, in Huntsville, Alabama, Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient P.H.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback

Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

200.    On or about January 21, 2019, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant Cloverdale Rehabilitation & Nursing Center's employee Stacy Brown, entered a conspiratorial agreement that Defendant Dr. Malhotra and Defendant IBH would staff their nurses in Defendant Cloverdale Rehabilitation & Nursing Center's facility at no costs to the facility.  In exchange, Defendant Dr. Malhotra and Defendant IBH would refer Defendant Cloverdale Rehabilitation & Nursing Center's patients to Defendant Unity to be treated by Defendant Dr. Malhotra. The agreement was made in violation of the Anti-kickback Statute and Stark Law.

201.    On or about January 21, 2019, patient J.S. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient J.S. was a resident of Defendant Cloverdale Rehabilitation & Nursing Center's facility.  Patient J.S. was referred to Unity by Defendants Dr. Malhotra and IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Defendant Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Cloverdale Rehabilitation & Nursing Center because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Cloverdale Rehabilitation & Nursing Center.   Additionally, the referral was made pursuant to the conspiratorial agreement made on or about January 21, 2019, between Defendant Dr. Malhotra, Defendant IBH, and the agent of Defendant Cloverdale Rehabilitation & Nursing Center described in paragraph two-hundred (200) of this Complaint and in violation of the Anti-Kickback Statute.

202.    On or about February 5, 2019, in Huntsville, Alabama, Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided

to patient J.S.   When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

203.     On or about January 28, 2019, patient J.T. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient J.T. was resident of Defendant Heritage Assisted Living & Memory Care, L.L.C.  Patient J.T. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity.   Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Heritage Assisted Living & Memory Care, LLC. because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Heritage Assisted Living & Memory Care, LLC.  Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 20, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Heritage Assisted Living & Memory Care, LLC, described in paragraph one hundred and fourteen (114) of this Complaint and in violation of the Anti-Kickback Statute.

204.     On or about February 12, 2019, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient J.T.   When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.   Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

205.     On or about February 4, 2019, patient L.C. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient L.C. was a patient Defendant Athens Health and Rehabilitation, L.LC.   Patient L.C. was referred to Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Act because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Athens Health and Rehabilitation, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Athens Health and Rehabilitation, LLC. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH, and the agent of Defendant Athens Health and Rehabilitation, LLC, described in paragraph eighty (80) of this Complaint and in violation of the Anti-Kickback Statute.

206.     On or about February 19, 2019, in Huntsville, Alabama, Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient L.C.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

207.     On or about February 7, 2019, patient S.K. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient S.K. was resident of Defendant Merrill Gardens, L.L.C.'s skilled nursing facility.  Patient S.K. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Merrill Gardens, LLC because Unity was aware that Dr. Malhotra and

IBH provided psychological treatment to residents at Merrill Gardens, LLC. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about August 9, 2018, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Merrill Gardens, described in paragraph one hundred and ninety-five (195) of this Complaint and in violation of the Anti-Kickback Statute.

208.    On or about February 21, 2019, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient S.K. When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

209.    On or about February 15, 2019, patient R.B. was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient R.B. was a resident of Defendant Heritage Assisted Living & Memory Care, L.L.C.'s skilled nursing facility. Patient R.B. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Heritage Assisted Living & Memory Care, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Heritage Assisted Living & Memory Care, LLC. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 20, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Heritage Assisted Living & Memory Care, LLC, described in paragraph one hundred and fourteen (114) of this Complaint and in violation of the Anti-Kickback Statute.

210. On or about March 1, 2019, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient R.B. When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

211. On or about February 22, 2019, patient J.S. was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient J.S. was a resident of Defendant Regency Health Care & Rehab Center's skilled nursing facility. Patient J.S. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Regency Health Care & Rehab Center because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Regency Health Care & Rehab Center. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 3, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Regency Health Care & Rehab Center, described in paragraph ninety-five (95) of this Complaint and in violation of the Anti-Kickback Statute.

212. On or about March 8, 2019, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient J.S. When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.

**COUNT I**
**Defendants Dr. Malhotra, IBH, and Unity**
**Violation of the False Claims Act, 31 U.S.C. §3729(a)(1)(A)**

213.    Plaintiff re-alleges paragraphs 47-212 as if set forth fully herein.

214.    Defendants Dr. Malhotra, IBH, and Unity have knowingly presented or caused to be presented, a false or fraudulent claim for payment or approval, in the form of billings to Medicare/Medicaid. The claims were false and fraudulent because the patients for whom the claim were made were referred by Defendants Dr. Malhotra and IBH to an entity for which Defendant Dr. Malhotra maintained a prohibited financial relationship (e.g., Defendant Unity) in violation of the Stark Law.

215.    By reason of the violation of 31 U.S.C. §3729 (a)(1)(A), Defendants have knowingly or recklessly damaged the United States Government in an amount to be determined at trial.

WHEREFORE, the Relators, on behalf of themselves and the United Sates Government, prays:

        (a)    That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the United States Government has sustained because of Defendants' actions, plus a civil penalty of $11,665-$23,331 and/or the civil penalties as allowed by law and amended by the Federal Civil Penalties Adjustment Act be imposed for each action in violation of 31 U.S.C. §3729, and the cost of this action, with interest, including the cost to the United States Government for its expenses related to this action;

(b)     That pre- and post-judgment interest be awarded, along with reasonable attorneys' fees, costs, and expenses which the Relators necessarily incurred in bringing and pressing this case.

(c)     That the Court grant permanent injunctive relief to prevent any recurrence of the unlawful acts for which redress is sought in this Complaint;

(d)     That in the event that the United States Government proceeds with this action, the Relators be awarded an amount for bringing this action of at least 15%, but not more than 30%, of the proceeds of the action or settlement of the claims;

(e)     That in the event that the United States Government does not proceed with this action, the Relators be awarded an amount that the Court decides is reasonable for collecting the civil penalty and damages, which shall be no less than 25% nor more than 30% of the proceeds of the action or settlement;

(f)     That the Relators be awarded prejudgment interest;

(g)     That a trial by jury be held on all issues;

(h)     That the United States Government and the Relators receive all, both at law and at equity, to which they may reasonably be entitled.

## <u>COUNT II</u>
### Defendants Dr. Malhotra, IBH, and Unity
### Violation of the False Claims Act, 31 U.S.C. §3729(a)(1)(A)

216.    Plaintiff re-alleges paragraphs 47-212 as if set forth fully herein.

217.    Defendants Dr. Malhotra, IBH, and Unity have knowingly presented or caused to be presented, a false or fraudulent claim for payment or approval, in the form of billings to Medicare/Medicaid. The claims were false and fraudulent because the patients for whom the

billings were made were obtained through unlawful kickback in violation of the Anti-Kickback Statute.

218.    By reason of the violation of 31 U.S.C. §3729 (a)(1)(A), Defendants have knowingly or recklessly damaged the United States Government in an amount to be determined at trial.

WHEREFORE, the Relators, on behalf of themselves and the United Sates Government, prays:

(i)     That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the United States Government has sustained because of Defendants' actions, plus a civil penalty of $11,665-$23,331 and/or the civil penalties as allowed by law and amended by the Federal Civil Penalties Adjustment Act be imposed for each action in violation of 31 U.S.C. §3729, and the cost of this action, with interest, including the cost to the United States Government for its expenses related to this action;

(j)     That pre- and post-judgment interest be awarded, along with reasonable attorneys' fees, costs, and expenses which the Relators necessarily incurred in bringing and pressing this case.

(k)     That the Court grant permanent injunctive relief to prevent any recurrence of the unlawful acts for which redress is sought in this Complaint;

(l)     That in the event that the United States Government proceeds with this action, the Relators be awarded an amount for bringing this action of at least 15%, but not more than 30%, of the proceeds of the action or settlement of

the claims;

(m)    That in the event that the United States Government does not proceed with this action, the Relators be awarded an amount that the Court decides is reasonable for collecting the civil penalty and damages, which shall be no less than 25% nor more than 30% of the proceeds of the action or settlement;

(n)    That the Relators be awarded prejudgment interest;

(o)    That a trial by jury be held on all issues;

(p)    That the United States Government and the Relators receive all, both at law and at equity, to which they may reasonably be entitled.

<u>**COUNT III**</u>
**Defendants Dr. Malhotra, IBH, and Unity**
**Violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(B))**

219.    Plaintiff realleges paragraphs 57-212 of the Complaint as if set forth fully herein.

220.    Defendants Dr. Malhotra, IBH, and Unity knowingly made, used or caused to be made or used, a false record or statement material to a false or fraudulent claim in the form of a false certification to Medicare/Medicaid that the billings were lawful.

221.    By reason of the violation of 31 U.S.C. § 3729(a)(1)(B), Defendants have knowingly or recklessly damaged the United States Government in an amount to be determined at trial.

222.    Defendants Dr. Malhotra, IBH, and Unity have knowingly made, used or caused to be made or used, false records or statements material to a false or fraudulent claim.

223.    By reason of the violation of 31 U.S.C. §3729(a)(2), Defendants have knowingly or recklessly damaged the United States Government in an amount to be determined at trial.

WHEREFORE, the Relators, on behalf of themselves and the United Sates Government,

prays:

(a)     That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the United States Government has sustained because of Defendants' actions, plus a civil penalty of $11,665-$23,331 and/or the civil penalties as allowed by law and amended by the Federal Civil Penalties Adjustment Act be imposed for each action in violation of 31 U.S.C. §3729, and the cost of this action, with interest, including the cost to the United States Government for its expenses related to this action;

(b)     That pre- and post-judgment interest be awarded, along with reasonable attorneys' fees, costs, and expenses which the Relators necessarily incurred in bringing and pressing this case.

(c)     That the Court grant permanent injunctive relief to prevent any recurrence of the unlawful acts for which redress is sought in this Complaint.

(d)     That in the event that the United States Government proceeds with this action, the Relators be awarded an amount for bringing this action of at least 15%, but not more than 30%, of the proceeds of the action or settlement of the claims;

(e)     That in the event that the United States Government does not proceed with this action, the Relators be awarded an amount that the Court decides is reasonable for collecting the civil penalty and damages, which shall be no less than 25% nor more than 30% of the proceeds of the action or settlement;

(f)     That the Relators be awarded prejudgment interest;

(g)     That a trial by jury be held on all issues;

(h)     That the United States Government and the Relators receive all, both at law

and at equity, to which they may reasonably be entitled.

### COUNT IV
### Violation of the False Claims Act, 31 U.S.C. §3729 a(1)(C)
### Defendants Dr. Malhotra, IBH, Nursing Home and Assisted Living Facilities Defendants

224.    Plaintiff realleges paragraphs 57-212 of the Complaint as if set forth fully herein.

225.    Defendants Dr. Malhotra, IBH, Unity, and the skilled nursing facilities and assisted

living facilities listed in paragraphs fifty-eight,[3] conspired to commit a violation of the False

Claims Act vis-à-vis the Anti-Kickback Statute (AKS).  By reason of the violation of 31 U.S.C.

§3729(a)(1C), Defendants have knowingly or recklessly damaged the United States Government

in an amount to be determined at trial.

WHEREFORE, the Relators, on behalf of themselves and the United Sates Government,

prays:

(a)     That this Court enter judgment against Defendants in an amount equal to

three times the amount of damages the United States Government has

sustained because of Defendants' actions, plus a civil penalty of $11,665-

---

[3] Athens-Limestone Health Services, L.L.C., Valley View Health and Rehabilitation, L.L.C., Franklin LTC, L.L.C. d/b/a Terrance Manor Nursing Home & Rehabilitation Center, Affinity Living Group, L.L.C.  (Westminster in Decatur), Diversicare of Big Springs, L.L.C., Athens Health and Rehabilitation, L.L.C., Madison Manor Nursing Home, L.L.C., BLC Wellington-Hampton Cove, LLC, Regency Senior Living, L.L.C. d/b/a Regency Health Care & Rehab Center, NHC Healthcare/Moulton, L.L.C., South Hampton Nursing & Rehabilitation Center, L.L.C., Hanceville Primary Healthcare, L.L.C., Sunbridge Healthcare, L.L.C. d/b/a/ River City Center, Heritage Assisted Living & Memory Care, L.L.C., Signature Healthcare Clinical Consulting Services, L.L.C. d/b/a Signature Healthcare of Whitesburg Garden, Hanceville Nursing and Rehabilitation, Inc., Summerford Nursing Home, Inc., Diversicare Windsor House, L.L.C., Merrill Gardens, L.L.C., Cloverdale Healthcare, Inc. d/b/a Cloverdale Rehabilitation & Nursing Center.

$23,331 and/or the civil penalties as allowed by law and amended by the Federal Civil Penalties Adjustment Act be imposed for each action in violation of 31 U.S.C. §3729, and the cost of this action, with interest, including the cost to the United States Government for its expenses related to this action;

(b)     That pre- and post-judgment interest be awarded, along with reasonable attorneys' fees, costs, and expenses which the Relators necessarily incurred in bringing and pressing this case.

(c)     That the Court grant permanent injunctive relief to prevent any recurrence of the unlawful acts for which redress is sought in this Complaint;

(d)     That in the event that the United States Government proceeds with this action, the Relators be awarded an amount for bringing this action of at least 15%, but not more than 30%, of the proceeds of the action or settlement of the claims;

(e)     That in the event that the United States Government does not proceed with this action, the Relators be awarded an amount that the Court decides is reasonable for collecting the civil penalty and damages, which shall be no less than 25% nor more than 30% of the proceeds of the action or settlement;

(f)     That the Relators be awarded prejudgment interest;

(g)     That a trial by jury be held on all issues;

(h)     That the United States Government and the Relators receive all, both at law and at equity, to which they may reasonably be entitled.

**COUNT V**
**Violation of the False Claims Act, 31 U.S.C. §3729 a(1)(C)**
**Defendants Dr. Malhotra, IBH, Unity, and the Nursing Home and Assisted Living Facilities**
**Defendants**

226.    Plaintiff realleges paragraphs 57-212 of the Complaint as if set forth fully herein.

227.    Defendants Dr. Malhotra, IBH, Unity, and the skilled nursing facilities and assisted living facilities listed in paragraphs fifty-eight,[4] conspired to commit a violation of the False Claims Act vis-à-vis the Stark Law.   By reason of the violation of 31 U.S.C. §3729(a)(1(C), Defendants have knowingly or recklessly damaged the United States Government in an amount to be determined at trial.

WHEREFORE, the Relators, on behalf of themselves and the United Sates Government, prays:

(i)     That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the United States Government has sustained because of Defendants' actions, plus a civil penalty of $11,665-$23,331  and/or the civil penalties as allowed by law and amended by the Federal Civil Penalties Adjustment Act be imposed for each action in violation of 31 U.S.C. §3729, and the cost of this action, with interest,

---

[4] Athens-Limestone Health Services, L.L.C., Valley View Health and Rehabilitation, L.L.C., Franklin LTC, L.L.C. d/b/a Terrance Manor Nursing Home & Rehabilitation Center, Affinity Living Group, L.L.C.  (Westminster in Decatur), Diversicare of Big Springs, L.L.C., Athens Health and Rehabilitation, L.L.C., Madison Manor Nursing Home, L.L.C., BLC Wellington-Hampton Cove, LLC, Regency Senior Living, L.L.C. d/b/a Regency Health Care & Rehab Center, NHC Healthcare/Moulton, L.L.C., South Hampton Nursing & Rehabilitation Center, L.L.C., Hanceville Primary Healthcare, L.L.C., Sunbridge Healthcare, L.L.C. d/b/a/ River City Center, Heritage Assisted Living & Memory Care, L.L.C., Signature Healthcare Clinical Consulting Services, L.L.C. d/b/a Signature Healthcare of Whitesburg Garden, Hanceville Nursing and Rehabilitation, Inc., Summerford Nursing Home, Inc., Diversicare Windsor House, L.L.C., Merrill Gardens, L.L.C., Cloverdale Healthcare, Inc. d/b/a Cloverdale Rehabilitation & Nursing Center.

including the cost to the United States Government for its expenses related to this action;

(j)     That pre- and post-judgment interest be awarded, along with reasonable attorneys' fees, costs, and expenses which the Relators necessarily incurred in bringing and pressing this case.

(k)     That the Court grant permanent injunctive relief to prevent any recurrence of the unlawful acts for which redress is sought in this Complaint;

(l)     That in the event that the United States Government proceeds with this action, the Relators be awarded an amount for bringing this action of at least 15%, but not more than 30%, of the proceeds of the action or settlement of the claims;

(m)     That in the event that the United States Government does not proceed with this action, the Relators be awarded an amount that the Court decides is reasonable for collecting the civil penalty and damages, which shall be no less than 25% nor more than 30% of the proceeds of the action or settlement;

(n)     That the Relators be awarded prejudgment interest;

(o)     That a trial by jury be held on all issues;

(p)     That the United States Government and the Relators receive all, both at law and at equity, to which they may reasonably be entitled.

**COUNT IV**
**Defendants Dr. Malhotra, IBH, and Unity**
**Violation of the False Claims Act, 31 U.S.C. § 3729a(1)(G) and violation of the Anti-Kickback Statute and Stark Law**

228.    Plaintiff realleges paragraphs 57-212 of the Complaint as if set forth fully herein.

229.    The Anti-Kickback Statute (AKS), 42 U.S.C. § 1320a-7b(b), prohibits, amongst other things, paying kickbacks to induce referrals for services paid for under Federal healthcare programs. The AKS arose out of Congressional concern that payoffs to those who can influence healthcare decisions corrupt professional healthcare decision-making and may result in Federal funds being diverted to pay for goods and services that are medically unnecessary, of poor quality, or even harmful to a vulnerable patient population. The AKS prohibits payment of kickbacks in ordered to protect the integrity of the Medicare program form these difficult to detect harms, First enacted in 1972, the AKS was strengthen in 1977 and 1987 to ensure that kickbacks masquerading as legitimate transactions do not evade in reach. See Social Security Amendments of 1972, Pub. L. No. 92-603, §§ 242(b) and (c); 42 U.S.C. § 1320a-7b, Medicare-Medicaid Antifraud and Abuse Amendments, Pub. L. No. 95-142; Medicare and Medicaid Patient and Program Protection Act of 1987, Pub. L. No. 100-93.

230.    The AKS prohibits any person or entity from making or accepting payment to induce or reward any person for referring, recommending or arranging for Federally funded medical items and services, including items and services provided under the Medicare program.

In pertinent part, the statute states:

(b) Illegal remuneration

(2) Whoever knowingly and willfully offers or pays any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly in cash or in kind to any person to induce such person-

(A) to refer an individual to a person for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part under a Federal health care program, or

(B) to purchase, lease, order or arrange for or recommend purchasing, leasing or ordering any good, facility, service, or items for which payment may be made in whole or in part under a Federal health care program, shall be guilty of a felony and upon conviction thereof, shall be fined not more than $25, 000 or imprisoned for not more than five years, or both.

42 U.S.C. § 1320(a)-7b(b)(2). Violation of the statute can also subject the perpetrator to exclusion from participation in Federal health care programs and civil monetary penalties of up to $50,000 per violation and up to three times the amount of remuneration paid. 42 U.S.C. § 1320a-7(b)(7); 42 U.S.C. § 1320a-7a(a)(7).

231.    The unlawful kickback scheme carried out between Dr. Malhotra, IBH, Unity, and the skilled nursing facilities and assisted living facilities listed in paragraph fifty-eight resulted in Dr. Malhotra, IBH, and Unity billing Medicare/Medicaid for tainted and illegal procedures performed by Dr. Malhotra, IBH, and Unity.  Consequently, Dr. Malhotra, IBH, and Unity received payment from the Government for services performed pursuant to illegal referrals in violation of the Anti-Kickback Statute and the Stark Law.

232.    Once Defendants were made aware that it billed Medicare/Medicaid and received payments from the Government for services proceed and performed in violation of the Anti-Kickback Statute and Stark Act, the Defendants failed to pay back to the Government money and/or funds it received as reimbursement payments from Medicare/Medicaid.

233.    The Defendants concealed or knowingly and improperly avoided an obligation to pay or transmit money or property to the Government in violation of 31 U.S.C. § 3729(a)(1)(G) and/or § 3729(a)(1)(7).

234.    By reason of the violation of 31 U.S.C. § 3729(a)(1)(G) and/ or §   3729(a)(1)(7), the Defendants have knowingly or recklessly damaged the United States Government in an amount to be determined at trial.

WHEREFORE, the Relators, on behalf of themselves and the United Sates Government, prays:

(a)    That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the United States Government has sustained because of Defendants' actions, plus a civil penalty of $11,665-$23,331 and/or the civil penalties as allowed by law and amended by the Federal Civil Penalties Adjustment Act be imposed for each action in violation of 31 U.S.C. §3729, and the cost of this action, with interest, including the cost to the United States Government for its expenses related to this action;

(b)    That pre- and post-judgment interest be awarded, along with reasonable attorneys' fees, costs, and expenses which the Relators necessarily incurred in bringing and pressing this case.

(c)    That the Court grant permanent injunctive relief to prevent any recurrence of the unlawful acts for which redress is sought in this Complaint;

(d)    That in the event that the United States Government proceeds with this action, the Relators be awarded an amount for bringing this action of at least

15%, but not more than 30%, of the proceeds of the action or settlement of the claims;

(e)     That in the event that the United States Government does not proceed with this action, the Relators be awarded an amount that the Court decides is reasonable for collecting the civil penalty and damages, which shall be no less than 25% nor more than 30% of the proceeds of the action or settlement;

(f)     That the Relators be awarded prejudgment interest;

(g)     That a trial by jury be held on all issues;

(h)     That the United States Government and the Relators receive all, both at law and at equity, to which they may reasonably be entitled.

Respectfully submitted,

*/s/ Leon Hampton, Jr.*
LEON HAMPTON, JR (HAM105)
JERE L. BEASLEY (BEA020)
W. DANIEL "DEE" MILES, III (MIL060)
LARRY A. GOLSTON (GOL029)
LAUREN MILES(MIL176)
*Attorneys for Plaintiffs - Relators*

OF COUNSEL:

BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
272 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343
(334) 954-7555 FAX

**<ins>JURY DEMAND</ins>**

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

**<ins>CERTIFICATE OF SERVICE</ins>**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system on this the 14th  day of October, 2021, which will serve all Counsel of Record.

*/s/ Leon Hampton, Jr.*
Of Counsel