FILED

2021 Oct-14  PM 08:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

61. On or about January 1, 2017, in Huntsville, Alabama, Athens-Limestone Health Services, LLC's employees Pam Smith and Ginger Hopper entered an agreement with Defendant Dr. Malhotra and Defendant IBH. From January 1, 2017, through the present, Defendants Dr. Malhotra and IBH would staff their nurses in the Athens-Limestone Health Services, LLC's facilities at no costs to the facility.  In exchange, Defendant Dr. Malhotra and IBH would refer Athens-Limestone Health Services' patients to Defendant Unity to be treated by Defendant Dr. Malhotra.  The agreement was made in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

62. On or about January 1, 2017, patient ███████ was referred and admitted to Defendant Unity Psychiatric Hospital for acute psychological treatment. Patient C.C. was a resident of Defendant Athens-Limestone Health Services, LLC's facility.  Patient C.C. was referred to Unity by Defendants Dr. Malhotra and IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity.  Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Athens-Limestone Health Services, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Athens-Limestone Health Services, LLC.  Unity accepted the referral of Patient C.C. for psychological treatment at its facility with knowledge that such referral violated the Stark law. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about January 1, 2017, between Defendant Dr. Malhotra, Defendant Unity, and the

agents of Defendant Athens-Limestone Health Services, LLC described in paragraph sixty-one (61) of this Complaint and in violation of the Anti-Kickback Statute.

63. On or about January 16, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient C.C.  When Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare, they certified that the referral was not secured in violation of the federal Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

64. On or about January 1, 2017, patient ▮▮▮▮▮▮▮ was referred and admitted to Defendant Unity for acute psychological treatment.  Patient W.G. was a resident of Defendant Athens-Limestone Health Services, L.LC.   Patient W.G. was referred to Unity by Defendant Dr. Malhotra and IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Defendant Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Athens-Limestone Health Services, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Athens-Limestone Health Services, LLC.   Additionally, the referral was made pursuant to the conspiratorial agreement made on or about January 1, 2017, between Defendant Dr. Malhotra, Defendant Unity, and the agents of Defendant Athens-Limestone Health Services, LLC described in paragraph sixty-one (61) of this Complaint and in violation of the Anti-Kickback Statute.

65. On or about January 16, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient W.G. When Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare, they certified that the referral was not secured in violation of the federal Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

66. On or about January 1, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant Valley View Health and Rehabilitation, LLC's administrator (Tom), entered a conspiratorial agreement that Defendants Dr. Malhotra and IBH would staff their nurses in Defendant Valley View Health and Rehabilitation, LLC's facility at no costs to the facility. In exchange, Defendant Dr. Malhotra and IBH would refer Valley View Health and Rehabilitation's patients to Defendant Unity to be treated by Defendant Dr. Malhotra. The agreement was made in violation of the Anti-Kickback Statute and Stark Law.

67. On or about January 1, 2017, patient ▆▆▆▆▆▆▆ was referred and admitted to Defendant Unity for acute psychological treatment. Patient B.H. was a resident of Defendant Valley View Health and Rehabilitation, LLC's facility. Patient B.H. was referred to Unity by Dr. Malhotra and IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Athens-Valley View Health and Rehabilitation, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Valley View Health and

Rehabilitation, LLC. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about January 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agent of Defendant Valley View Health and Rehabilitation, LLC, described in paragraph sixty-six (66) of this Complaint and in violation of the Anti-Kickback Statute.

68. On or about January 16, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient B.H. When Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare, they certified that the referral was not secured in violation of the federal Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

69. Patient ▇▇▇▇▇▇ was again referred and admitted to Defendant Unity Psychiatry Hospital for acute psychological treatment on or about April 3, 2017. Patient B.H. was a resident of Defendant Valley View Health and Rehabilitation, LLC's facility. Patient B.H. was referred to Unity by Dr. Malhotra and IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Athens-Valley View Health and Rehabilitation, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Valley View Health and Rehabilitation, LLC. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about January 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agent of Defendant Valley View

Health and Rehabilitation, LLC, described in paragraph sixty-six (66) of this Complaint and in violation of the Anti-Kickback Statute.

70. On or about January 16, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient B.H.  When Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare, they certified that the referral was not secured in violation of the federal Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

71. On or about January 1, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant Terrace Manor Nursing Home & Rehabilitation Center's employees Whitney Holladay and Shannon Smith entered a conspiratorial agreement that Defendants Dr. Malhotra and IBH would staff their nurses in Defendant Terrace Manor Nursing Home & Rehabilitation Center's facility at no costs to the facility.  In exchange, Defendant Dr. Malhotra and IBH would refer Defendant Terrace Manor Nursing Home & Rehabilitation Center's patients to Defendant Unity to be treated by Defendant Dr. Malhotra.  The agreement was made in violation of the Anti-Kickback Statute and Stark Law.

72. On or about January 1, 2017, patient ███████ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient V.F. was a resident of Defendant Terrance Manor Nursing Home & Rehabilitation Center.  Patient V.F. was referred to Unity by Defendants Dr. Malhotra and IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Defendant Unity.

Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Terrace Manor Nursing Home & Rehabilitation Center because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Terrace Manor Nursing Home & Rehabilitation Center. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about January 1, 2017, between Defendant Dr. Malhotra, Defendant IBH, and the agent of Defendant Terrace Manor Nursing Home & Rehabilitation Center described in paragraph seventy-one (71) of this Complaint and in violation of the Anti-Kickback Statute.

73. On or about January 16, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient V.F. When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

74. On or about January 1, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant Affinity Living Group's (Westminster in Decatur) administrator, Cynthia, entered a conspiratorial agreement that Defendants Dr. Malhotra and IBH would staff their nurses in Defendant Affinity Living Group's facility at no costs to the facility. In exchange, Defendant Dr. Malhotra and IBH would refer Defendant Affinity Living Group's patients to Defendant Unity to be treated by Defendant Dr. Malhotra. The agreement was made in violation of the Anti-Kickback Statute and Stark Law.

75. On or about January 1, 2017, patient ███████████ was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient M.C. was a resident of Defendant Affinity Living Group, Inc. (Westminster in Decatur) facility. Patient M.C. was referred to Unity by Defendants Dr. Malhotra and IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Defendant Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Affinity Living Group, Inc. (Westminister in Decatur) because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Affinity Living Group, Inc. (Westminister in Decatur). Additionally, the referral was made pursuant to the conspiratorial agreement made on or about January 1, 2017, between Defendant Dr. Malhotra, Defendant IBH, and the agent of Defendant Affinity Living Group, Inc., described in paragraph seventy-four (74) of this Complaint and in violation of the Anti-Kickback Statute.

76. On or about January 16, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient M.C. When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

77. On or about February 1, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant Diversicare of Big Springs, LLC's administrator Kathy Gipson, entered a conspiratorial agreement that Defendant Dr.

Malhotra and Defendant IBH would staff their nurses in Defendant Diversicare of Big Springs' facility at no costs to the facility. In exchange, Defendant Dr. Malhotra and IBH would refer Diversicare of Big Springs' patients to Defendant Unity to be treated by Defendant Dr. Malhotra. The agreement was made in violation of the Anti-Kickback Statute and Stark Law.

78. On or about February 1, 2017, patient ███ was referred and admitted to Defendant Unity psychiatry Hospital for acute psychological treatment.  Patient Plotka was a resident of Defendant Diversicare of Big Springs, L.L.C.'s facility.   Patient Plotka was referred to Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Diversicare of Big Springs, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Defendant Diversicare of Big Springs, LLC.   Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH, and the agent of Defendant Diversicare of Big Springs, described in paragraph seventy-seven (77) of this Complaint and in violation of the Anti-Kickback Statute.

79. On or about February 15, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient Plotka. When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.

Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

80. On or about February 1, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant Athens Health and Rehabilitation, LLC's employee Tammy Black entered into a conspiratorial agreement that Defendant Dr. Malhotra and Defendant IBH would staff their nurses in Defendant Athens Health and Rehabilitation, LLC's facility at not costs to the facility. In exchange, Defendant Dr. Malhotra and Defendant IBH would refer Defendant Athens Health and Rehabilitation's patients to Defendant Unity be treated by Dr. Malhotra. The agreement was made in violation of the Anti-Kickback and Stark Law.

81. On or about February 1, 2017, patient ████████ was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient E.S. was a resident of Defendant Athens Health and Rehabilitation, L.L.C. Patient E.S. was referred to Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Act because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Athens Health and Rehabilitation, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Athens Health and Rehabilitation, LLC. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH, and the agent of Defendant Athens Health and Rehabilitation, LLC, described in paragraph eighty (80) of this Complaint and in violation of the Anti-Kickback Statute.

82. On or about February 15, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient E.S.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

83.  On or about February 1, 2017, patient ▮▮▮▮▮ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient I.B. was a resident of Defendant Athens Health and Rehabilitation, L.L.C.  Patient I.B. was referred to Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Act because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Athens Health and Rehabilitation, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Athens Health and Rehabilitation, LLC. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH, and the agent of Defendant Athens Health and Rehabilitation, LLC, described in paragraph eighty (80) of this Complaint and in violation of the Anti-Kickback Statute.

84.  On or about February 15, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient I.B.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the

referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

85.  On or about February 1, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant Madison Manor Nursing Home, LLC's employees Felita Smith and Misha Race entered a conspiratorial agreement that Defendants Dr. Malhotra and IBH would staff their nurses in Defendant Madison Manor's facilities at not costs to the facility. In exchange, Defendant Dr. Malhotra and IBH would refer Madison Manor's patient to Defendant Unity to be treated by Defendant Dr. Malhotra.  The agreement was made in violation of the Anti-Kickback Statute and Stark Law.

86. On or about February 1, 2017, patient ███████ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient I.B. was a resident of Defendant Madison Manor Nursing Home, LLC. Patient I.B. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Madison Manor Nursing Home, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Madison Manor Nursing Home, LLC. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Madison Manor Nursing Home, LLC, described in

paragraph eighty-five (85) of this Complaint and in violation of the Anti-Kickback Statute.

87. On or about February 15, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient N.M.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

88. On or about February 1, 2017, patient ███████ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient E.C. was a resident of Defendant Madison Manor Nursing Home, L.L.C. Patient E.C.  was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Madison Manor Nursing Home, L.L.C. because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Madison Manor Nursing Home, LLC.   Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Madison Manor Nursing Home, LLC, described in paragraph eighty-five (85) of this Complaint and in violation of the Anti-Kickback Statute.

89. On or about February 15, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient E.C. When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

90. On or about February 7, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant BLC Wellington-Hampton Cove, LLC's employee Sarah Collier, entered a conspiratorial agreement that Defendant Dr. Malhotra and Defendant IBH would staff their nurses in Defendant BLC Wellington-Hampton Cove, LLC's facility at no costs to the facility. In exchange, Defendant Dr. Malhotra and IBH would refer Defendant BLC Wellington-Hampton Cove, LLC's patient to Defendant Unity to be treated by Defendant Dr. Malhotra. This agreement was made in violation of the Anti-Kickback Statute and Stark Law.

91. On or about February 7, 2017, patient Reva Berens. was referred to Defendant Unity Psychiatry Hospital for acute psychological treatment. Patient Reva Berens was resident of Defendant BLC Wellington- Hampton Cove, LLC. Patient R.B. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant BLC Wellington- Hampton Cove because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at BLC

Wellington- Hampton Cove.   Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 7, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Madison Manor Nursing Home, LLC, described in paragraph ninety (90) of this Complaint and in violation of the Anti-Kickback Statute.

92. On or about February 21, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient R.B.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

93. On or about March 1, 2017, patient ▓▓▓▓▓▓▓ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient A.L. was a resident of Defendant Valley View Health and Rehabilitation, L.L.C.  Patient A.L. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity.  Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Valley View Health and Rehabilitation, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Valley View Health and Rehabilitation LLC.    Additionally, the referral was made pursuant to the conspiratorial agreement made on or about January 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Valley View Health and

Rehabilitation, LLC described in paragraph sixty-six (66) of this Complaint and in violation of the Anti-Kickback Statute.

94. On or about February 21, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient A.L. When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

95. On Or about March 3, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant Regency Health Care & Rehab Center's administrator, Jaine, entered a conspiratorial agreement that Defendant Dr. Malhotra and Defendant IBH would staff their nurses in Defendant Regency Health Care & Rehab Center's facility at no costs to the facility. In exchange, Defendant Dr. Malhotra and Defendant IBH would refer Defendant Regency Health Care & Rehab Center's patient to Defendant Unity to be treated by Dr. Malhotra. The agreement was made in violation of the Anti-Kickback Statute and Stark Law.

96. On or about March 3, 2017, patient ███████████ was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient M.S. was a resident of Defendant Regency Health Care & Rehab Center skilled nursing facility. Patient M.S. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with

Defendant Regency Health Care & Rehab Center because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Regency Health Care & Rehab Center.  Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 3, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Regency Health Care & Rehab Center, described in paragraph ninety-five (95) of this Complaint and in violation of the Anti-Kickback Statute.

97. On or about March 17, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient M.S.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

98. On or about March 9, 2017, patient ███████ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient C.J. was a resident of Defendant Diversicare of Big Springs skilled nursing facility.  Patient C.J. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Diversicare of Big Springs because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Diversicare of Big Springs, LLC. Additionally, the referral was made pursuant to the conspiratorial agreement made on

or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Diversicare of Big Springs, described in paragraph seventy-seven (77) of this Complaint and in violation of the Anti-Kickback Statute.

99. On or about March 17, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient C.J. When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

100. On or about March 13, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant NHC Moulton Inc's employees, Holly Harbin and Julie Filway, entered into a conspiratorial agreement that Defendants Dr. Malhotra and IBH would staff their nurses in Defendant NHC Moulton's facility at not costs to the facility. In exchange, Defendant Dr. Malhotra and Defendant IBH would refer Defendant NHC Moulton's patient to Defendant Unity to be treated by Defendant Dr. Malhotra. The agreement was made in violation of the Anti-Kickback Statute and Stark Law.

101. On or about March 13, 2017, patient ███████████ was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient G.C. was a resident of Defendant NHC Moulton, Inc.'s skilled nursing facility. Patient G.C. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship

with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant NHC Moulton, Inc. because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at NHC Moulton, Inc.  Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 13, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant NHC Moulton, Inc, described in paragraph one hundred (100) of this Complaint and in violation of the Anti-Kickback Statute.

102.     On or about March 27, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient G.C.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

103.     On or about March 15, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant South Hampton Nursing & Rehabilitation Center, Inc.'s employees Katrina Montague & Ginger Walker that Defendant Dr. Malhotra and Defendant IBH would staff their nurses in Defendant South Hampton Nursing & Rehabilitation Center, Inc.'s facility at no costs to the facility.  In exchange, Defendant Dr. Malhotra and Defendant IBH would refer South Hampton Nursing & Rehabilitation Center's patients to Defendant Unity to be treated by Defendant Dr. Malhotra. The agreement was in violation of the Anti-Kickback Statute and Stark Law.

104.     On or about March 15, 2017, patient ███████ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient E.S. was a resident of Defendant South Hampton Nursing & Rehabilitation Center, Inc.'s skilled nursing facility.  Patient E.S. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant South Hampton Nursing & Rehabilitation Center, Inc. because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at South Hampton Nursing & Rehabilitation Center, Inc.    Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 15, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant South Hampton Nursing & Rehabilitation Center Inc., described in paragraph one hundred and three (103) of this Complaint and in violation of the Anti-Kickback Statute.

105.     On or about March 29, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient E.S.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

106.     On or about March 15, 2017, patient ███████ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient R.M. was a

resident of Defendant Regency Health Care & Rehab Center's skilled nursing facility. Patient R.M. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Regency Health Care & Rehab Center because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Regency Health Care & Rehab Center. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 3, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Regency Health Care & Rehab Center described in paragraph ninety-five (95) of this Complaint and in violation of the Anti-Kickback Statute.

107.     On or about March 29, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient R.M. When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

108.     On or about March 17, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant Hanceville Health and Rehabilitation, Inc.'s employee Michael Vickers entered a conspiratorial agreement that Defendants Dr. Malhotra and IBH would staff their nurses in Defendant Hanceville Health and Rehabilitation, Inc.'s facility at no costs to the facility. In exchange, Defendant Dr.

Malhotra and Defendant IBH would refer Defendant Hanceville Health and Rehabilitation, Inc.'s patients to Defendant Unity to be treated by Defendant Dr. Malhotra. The agreement was made in violation of the Anti-Kickback Statute and Stark Law.

109.     On or about March 17, 2017, patient N.S. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient N.S. was resident of Defendant Hanceville Health and Rehabilitation, Inc.  Patient N.S. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Hanceville Health and Rehabilitation, Inc.  because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Hanceville Health and Rehabilitation, Inc.   Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 17, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Hanceville Health and Rehabilitation, Inc., described in paragraph one hundred and eight (108) of this Complaint and in violation of the Anti-Kickback Statute.

110.     On or about March 31, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient N.S.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the

Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

111.     On or about March 17, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant River City Center's employee, Mark Tuggle, entered a conspiratorial agreement that Defendants Dr. Malhotra and IBH would staff their nurses in Defendant River City Center's facility at no cost to the facility.  In exchange, Defendant Dr. Malhotra and IBH would refer Defendant River City Center's patients to Defendant Unity to be treated by Defendant Dr. Malhotra.  The agreement was made in violation of the Anti-Kickback Statute and Stark Law.

112.     On or about March 17, 2017, patient ███████████ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient Y.J. was resident of Defendant River City Center's skilled nursing facility. Patient Y.J. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant River City Center because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at River Center City.   Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 17, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant River City Center, described in paragraph one hundred and eleven (111) of this Complaint and in violation of the Anti-Kickback Statute.

113.     On or about March 31, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for

services provided to patient Y.J.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

114.     On or about March 20, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant Heritage Assisted Living &Memory Care, LLC's employee Janie Crouse, made a conspiratorial agreement that Defendant Malhotra and Defendant Unity would staff their nurses in Defendant Heritage Assisted Living & Memory Care, LLC's facility at no costs to the facility.  In exchange, Defendant Malhotra and Defendant IBH would refer Defendant Heritage Assisted Living & Memory Care, LLC's patient to Defendant Unity to be treated by Dr. Malhotra. The agreement was made in violation of the Anti-Kickback Statue and Stark Law.

115.     On or about March 20, 2017, patient ████████ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient R.M. was a patient of Defendant Heritage Assisted Living & Memory Care, LLC's skilled nursing facility. Patient R.M. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity.  Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Heritage Assisted Living & Memory Care, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Heritage Assisted Living & Memory Care, LLC.   Additionally, the referral

was made pursuant to the conspiratorial agreement made on or about March 20, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Heritage Assisted Living & Memory Care, LLC, described in paragraph one hundred and fourteen (114) of this Complaint and in violation of the Anti-Kickback Statute.

116.    On or about April 3, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient ███████. When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

117.    On or about March 22, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant Signature Healthcare of Whitesburg Garden's employee, Robyn Shauna, made a conspiratorial agreement that Defendant Dr. Malhotra and Defendant IBH would staff their nurses in Defendant Signature Healthcare of Whitesburg Garden's facility at no costs to the facility. In exchange, Defendant Dr. Malhotra and IBH would refer Defendant Signature Healthcare of Whitesburg Garden's patient to the Defendant Unity to be treated by Defendant Dr. Malhotra. The agreement was made in violation of the Anti-Kickback Statute and Stark Law.

118.    On or about March 22, 2017, patient ███████ was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient D.B. was a resident of Defendant Signature HealthCare of Whitesburg Garden's skilled nursing facility.

Patient D.B. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Signature Healthcare of Whitesburg Garden because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Signature Healthcare of Whitesburge Garden. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 20, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Signature Healthcare of Whitesburg Garden, described in paragraph one hundred and seventeen (117) of this Complaint and in violation of the Anti-Kickback Statute.

119. On or about April 5, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient D.B. When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

120. On or about March 22, 2017, patient ▉▉▉▉▉▉▉ was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient A.C. was a resident of Defendant Hanceville Nursing and Rehabilitation, Inc. Patient A.C. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with

Defendant Hanceville Nursing and Rehabilitation, Inc. because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Hanceville Nursing and Rehabilitation, Inc. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 17, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Hanceville Health and Rehabilitation, Inc., described in paragraph one hundred and eight (108) of this Complaint and in violation of the Anti-Kickback Statute.

121.    On or about April 5, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient A.C. When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

122.    On or about March 24, 2017, patient ███████ was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient R.B. was a resident of Defendant Athens- Limestone Health Services, LLC. Patient R.B. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about January 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Athens-Limestone Health Services, LLC, described in paragraph sixty-one of this Complaint and in violation of the Anti-Kickback Statute.

On or about April 7, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient R.B.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.

123.     On or about April 1, 2017, patient ████████ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient L.B. was a resident of Defendant Valley View Health and Rehabilitation, LLC facility.  Patient L.B. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Valley View Health and Rehabilitation, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Valley View Health and Rehabilitation, LLC.   Additionally, the referral was made pursuant to the conspiratorial agreement made on or about January 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Valley View Health and Rehabilitation, LLC, described in paragraph sixty-six (66) of this Complaint and in violation of the Anti-Kickback Statute.

124.     On or about April 21, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient L.B.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the

Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

125.     On or about April 3, 2017, patient ████████ was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient K.M. was a resident of Defendant Athens-Limestone Health Services, L.L.C. Patient K.M. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Athens-Limestone Health Services, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Athens-Limestone Health Services, LLC. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about January 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Athens-Limestone Health Services, LLC, described in paragraph sixty-one (61) of this Complaint and in violation of the Anti-Kickback Statute.

126.     On or about April 17, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient K.M.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

127.     On or about April 4, 2017, patient ████████ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient P.F. was a resident of Defendant Heritage Assisted Living & Memory Care, L.L. C's skilled nursing facility.  Patient P.F. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Heritage Assisted Living & Memory Care, LLC.  because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Heritage Assisted Living & Memory Care, LLC.   Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 20, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Heritage Assisted Living & Memory Care, LLC, described in paragraph one hundred and fourteen (114) of this Complaint and in violation of the Anti-Kickback Statute.

128.     On or about April 18, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient K.M.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

129.     On or about April 7, 2017, patient ████████ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient D.T. was a resident of Defendant Diversicare of Big Springs facility.  Patient D.T. was referred to

Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Diversicare of Big Springs because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Diversicare of Big Springs. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Diversicare of Big Springs, described in paragraph seventy-seven (77) of this Complaint and in violation of the Anti-Kickback Statute.

130.     On or about April 21, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient D.T.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

131.     On or about April 7, 2017, patient ███████████ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient E.H. was a resident of Defendant Diversicare of Big Springs facility.  Patient E.H. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Diversicare of Big Springs because Unity was aware that Dr. Malhotra and IBH

provided psychological treatment to residents at Diversicare of Big Springs. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Diversicare of Big Springs, described in paragraph seventy-seven (77) of this Complaint and in violation of the Anti-Kickback Statute.

132.     On or about April 21, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient E.HR.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

133.     On or about April 10, 2017, patient ███████████ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient G.L. was a resident of Defendant Regency Health Care & Rehab Center's skilled nursing facility. Patient G.L. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Regency Health Care & Rehab Center because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Regency Health Care & Rehab Center.  Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 3, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Regency Health Care &

Rehab Center, described in paragraph ninety-five (95) of this Complaint and in violation of the Anti-Kickback Statute.

134.     On or about April 24, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient G.L.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

135.     On or about April 12, 2017, patient ▉▉▉▉▉ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient M.O. was a resident of Defendant Diversicare of Big Springs skilled nursing facility.  Patient M.O. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Diversicare of Big Springs because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Diversicare of Big Springs. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Diversicare of Big Springs, described in paragraph seventy-seven (77) of this Complaint and in violation of the Anti-Kickback Statute.

136.     On or about April 26, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for

services provided to patient M.O.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

137.     On or about April 13, 2017, patient ███████ was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient Y.T. was resident of Defendant Regency Health Care and Rehab Center's skilled nursing facility.  Patient Y.T. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Regency Health Care and Rehab Center because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Regency Health Care and Rehab Center.  Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 3, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Regency Health Care and Rehab Center, described in paragraph ninety-five (95) of this Complaint and in violation of the Anti-Kickback Statute.

138.     On or about April 26, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient Y.T.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the

Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

139.     On or about April 13, 2017, patient ███████. was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient L.L. was a resident of Defendant Regency Health Care & Rehab Center's facility.  Patient L.L. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Regency Health Care & Rehab Center because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Regency Health Care & Rehab Center.   Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 3, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Regency Health Care and Rehab Center, described in paragraph ninety-five (95) of this Complaint and in violation of the Anti-Kickback Statute.

140.     On or about April 27, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient L.L.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

141.     On or about April 14, 2017, patient Y.T. was referred and admitted to Defendant Unity for acute psychiatric treatment.   Patient Y.T. was a resident of Defendant Regency Health Care & Rehab Center's facility.   Patient Y.T.  was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Regency Health Care & Rehab Center's because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Regency Health Care & Rehab Center. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 3, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Regency Health Care and Rehab Center, described in paragraph ninety-five (95) of this Complaint and in violation of the Anti-Kickback Statute.

142.     On or about April 28, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient Y.T.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

143.     On or about April 17, 2017, patient ██████████ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient P.M. was a resident of Defendant Diversicare of Big Springs' skilled nursing facility.  Patient P.M.

was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Diversicare of Big Springs because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Diversicare of Big Springs. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Diversicare of Big Springs, described in paragraph seventy-seven (77) of this Complaint and in violation of the Anti-Kickback Statute.

144.     On or about May 1, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient P.M.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

145.     On or about April 20, 2017, patient ████████ was referred and admitted to Defendant Unity for acute psychiatric treatment.   Patient J.M. was a resident of Defendant Regency Health Care & Rehab Center's nursing skills homes. Patient J.M. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Regency Health Care & Rehab Center because Unity was

aware that Dr. Malhotra and IBH provided psychological treatment to residents at Regency Health Care & Rehab.  Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 3, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Regency Health Care and Rehab Center, described in paragraph ninety-five (95) of this Complaint and in violation of the Anti-Kickback Statute.

146.      On or about May 4, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient J.M.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

147.      On or about April 25, 2017, patient ▉▉▉▉▉▉ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient J.L. was a patient Defendant Athens Health and Rehabilitation, LLC.   Patient J.L. was referred to Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Act because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Athens Health and Rehabilitation, LLC.  because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Athens Health and Rehabilitation, LLC. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH, and the

agent of Defendant Athens Health and Rehabilitation, LLC, described in paragraph eighty (80) of this Complaint and in violation of the Anti-Kickback Statute.

148.     On or about May 9, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient J.L.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

149.     On or about May 2, 2017, patient ██████████ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient M.M. was a resident of Defendant Regency Health Care & Rehab Center's skilled nursing facility. Patient M.M. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Regency Health Care because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Regency Health Care. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 3, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Regency Health Care and Rehab Center, described in paragraph ninety-five (95) of this Complaint and in violation of the Anti-Kickback Statute.

150.　　On or about May 16, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient M.M.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

151.　　On or about May 3, 2017, patient ██████████ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient H.C. was a resident of Defendant Valley View Health and Rehabilitation, L.L. C's skilled nursing home.  Patient H.C. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Valley View Health and Rehabilitation, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Valley View Health and Rehabilitation, LLC.   Additionally, the referral was made pursuant to the conspiratorial agreement made on or about January 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Valley View Health and Rehabilitation, LLC, described in paragraph sixty-six (66) of this Complaint and in violation of the Anti-Kickback Statute.

152.　　On or about May 17, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient H.C.  When Defendant Dr. Malhotra and Defendant unity

submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

153.    On or about May 4, 2017, patient ████████ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient A.P. was a patient of Defendant Athens Health and Rehabilitation, L.L.C. Patient A.P. was referred to Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Act because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Athens Health and Rehabilitation, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Athens Health and Rehabilitation, LLC. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH, and the agent of Defendant Athens Health and Rehabilitation, LLC, described in paragraph eighty (80) of this Complaint and in violation of the Anti-Kickback Statute.

154.    On or about May 18, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient A.P.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

155.     On or about May 4, 2017, patient ███████████ was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient A.R. was a resident of Defendant Valley View Health and Rehabilitation, LLC's facility.  Patient A.R. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Valley View Health and Rehabilitation, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Valley View Health and Rehabilitation, LLC.  Additionally, the referral was made pursuant to the conspiratorial agreement made on or about January 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Valley View Health and Rehabilitation, LLC, described in paragraph sixty-two (62) of this Complaint and in violation of the Anti-Kickback Statute.

156.     On or about May 18, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient A.R.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

157.     On or about May 4, 2017, patient ███████████ was referred and admitted to Defendant Unity for acute psychiatric treatment.   Patient A.O. was a resident of Defendant NHC Healthcare/ Moulton, Inc. skilled nursing facility.   Patient

A.O. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity.   Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant NHC Healthcare/Moulton Inc.  because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at NHC Healthcare/Moulton, Inc. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 13, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant NHC Moulton, Inc, described in paragraph one hundred (100) of this Complaint and in violation of the Anti-Kickback Statute.

158.        On or about May 18, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient A.O.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

159.        On or about May 5, 2017, patient ████████████ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient B.B. was a patient of Defendant Athens Health and Rehabilitation, L.L.C. Patient B.B. was referred to Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Act because of Defendant Dr. Malhotra's financial relationship with Unity.  Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Athens Health

and Rehabilitation, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Athens Health and Rehabilitation, LLC. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH, and the agent of Defendant Athens Health and Rehabilitation, LLC, described in paragraph eighty (80) of this Complaint and in violation of the Anti-Kickback Statute.

160.    On or about May 19, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient B.B.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

161.    On or about May 16, 2017, patient B.B. was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient B.B. was a resident of Defendant Regency Health Care & Rehab Center's skilled nursing facility.  Patient B.B. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity.  Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Regency Health care & Rehab Center because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Regency Health Care & Rehab Center.  Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 3, 2017, between Defendant

Dr. Malhotra, Defendant IBH and the agents of Defendant Regency Health Care and Rehab Center, described in paragraph ninety-five (95) of this Complaint and in violation of the Anti-Kickback Statute.

162.     On or about May 30, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient B.B.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

163.     On or about May 24, 2017, patient ███████ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient B.S. was a resident of Defendant Regency Health Care & Rehab Center's skilled nursing facility.  Patient B.S. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Regency Health Care & Rehab Center because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Regency Health Care & Rehab Center.  Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 3, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Regency Health Care and Rehab Center, described in paragraph ninety-five (95) of this Complaint and in violation of the Anti-Kickback Statute.

164.     On or about June 6, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient B.S.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

165.     On or about May 24, 2017, patient ████████ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient C.L. was a resident of Defendant River City Center skilled nursing facility.  Patient C.L. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant River City Center because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at River City Center. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 17, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant River City Center, described in paragraph one hundred and eleven (111) of this Complaint and in violation of the Anti-Kickback Statute.

166.     On or about June 7, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient C.L.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not

secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

167.      On or about May 31, 2017, patient ███████ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient K.S. was a resident of Defendant Diversicare of Big Springs skilled nursing facility.  Patient K.S. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Diversicare of Big Springs because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Diversicare of Big Springs. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Diversicare of Big Springs, described in paragraph seventy-seven (77) of this Complaint and in violation of the Anti-Kickback Statute.

168.      On or about June 13, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient K.S.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

169.     On or about May 31, 2017, patient ████████ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient A.W. was a resident of Defendant was resident of Defendant BLC Wellington- Hampton Cove, LLC.   Patient A.W. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant BLC Wellington-Hampton Cove, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at BLC Wellington-Hampton, Cove, LLC.  Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant BLC Wellington-Hampton Cove described in paragraph ninety (90) of this Complaint and in violation of the Anti-Kickback Statute.

170.     On or about June 13, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient A.W.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

171.     On or about June 2, 2017, patient ████████ was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient W.P. was a resident of Defendant Valley View Health and Rehabilitation, LLC's skilled nursing

facility.  Patient W.P. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Valley View Health and Rehabilitation, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Valley View Health and Rehabilitation, LLC.  Additionally, the referral was made pursuant to the conspiratorial agreement made on or about January 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Valley View Health and Rehabilitation, LLC, described in paragraph sixty-six (66) of this Complaint and in violation of the Anti-Kickback Statute.

172.     On or about June 16, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient A.R.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

173. On or about June 2, 2017, patient ████████ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient R.L. was a resident of Defendant River City Center's skilled nursing facility.  Patient R. L. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant

River City Center because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at River City Center. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 17, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant River City Center, described in paragraph one hundred and eleven (111) of this Complaint and in violation of the Anti-Kickback Statute.

174. On or about June 16, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient R.L.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

175. On or about June 6, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant Summerford Nursing Home's employees Kyla Blackwood and Debbie Johnson entered a conspiratorial agreement that Defendant Dr. Malhotra and Defendant IBH would staff their nurses in Defendant Summerford Nursing Home's facility at no costs to the facility.  In exchange, Defendant Dr. Malhotra and Defendant IBH would refer Summerford Nursing Home's patients to Defendant Unity to be treated by Defendant Dr. Malhotra. The agreement was made in violation of the Anti-Kickback Statute and Stark Law.

176.      On or about June 6, 2017, patient ███████ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient S.C. was a

resident of Summerford Nursing Home, Inc.'s skilled nursing facility.  Patient S.C. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Summerford Nursing Home because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Summerford Nursing Home. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about June 6, 2017, between Defendant Dr. Malhotra, Defendant IBH, and the agent of Defendant Summerford Nursing Home as described in paragraph one hundred and one hundred and seventy five (175) of the Complaint and in violation of the Anti-Kickback Statute.

177.     On or about June 20, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient S.C.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

178.     On or about June 7, 2017, patient ███████ was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient J.S. was a resident of Defendant Diversicare of Big Springs. Patient J.S. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity.  Unity was aware of Dr.

Malhotra and IBH's financial relationship with Defendant Diversicare of Big Springs because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Diversicare of Big Springs. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Diversicare of Big Springs, described in paragraph seventy-seven (77) of this Complaint and in violation of the Anti-Kickback Statute.

179.    On or about June 21, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient J.S. When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

180.    On or about July 1, 2017, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant Diversicare Windsor House LLC's employee Kate Hogan, entered a conspiratorial agreement that Defendant Dr. Malhotra and Defendant IBH would staff their nurses in Defendant Diversicare Windsor House LLC's facility at no costs to the facility. In exchange, Defendant Dr. Malhotra and Defendant IBH would refer Windsor House LLC's patients to Defendant Unity to be treated by Defendant Dr. Malhotra. The agreement was made in violation of the Anti-Kickback Statute and Stark Law.

181.     On or about July 1, 2017, patient ███████ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient D.J. was a resident of Defendant Diversicare Windsor House, LLC's facility.  Patient D.J. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Diversicare of Windsor house, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Diversicare of Windsor House. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about July 1, 2017, between Defendant Dr. Malhotra, Defendant IBH, and the agent of Defendant Windsor House, LLC's agent as described in paragraph one hundred and eighty (180) of the Complaint and in violation of the Anti-Kickback Statute.

182.     On or about July 14, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient D.J.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

183.     On or about July 1, 2017, patient ██████ was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient Klundt was a resident of Defendant River City Center skilled nursing facility.  Patient Klundt was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the

Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant River City Center because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at River City Center. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 17, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant River City Center, described in paragraph one hundred and eleven (111) of this Complaint and in violation of the Anti-Kickback Statute.

184.     On or about July 17, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient Klundt.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

185.     On or about July 13, 2017, patient ▉▉▉▉▉▉ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient P.K. was a resident of Defendant NHC Healthcare/ Moulton, Inc.'s skilled nursing facility.  Patient R.K. NHC was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity.  Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant NHC Healthcare Moulton, Inc.  because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at NHC

Healthcare Moulton, Inc. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 13, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant NHC Moulton, Inc, described in paragraph one hundred (100) of this Complaint and in violation of the Anti-Kickback Statute.

186.    On or about March 27, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient P.K.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

187.    On or about July 20, 2017, patient ██████████ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient B.P. was a resident of Defendant Heritage Assisted Living & Memory Care, L.L.C.'s skilled nursing facility.  Patient B.P. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Heritage Assisted Living & Memory Care, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Heritage Assisted Living & Memory Care, LLC.  Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 20, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of

Defendant Heritage Assisted Living & Memory Care, LLC, described in paragraph one hundred and fourteen (114) of this Complaint and in violation of the Anti-Kickback Statute.

188.     On or about August 3, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient B.P.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.

189.     On or about August 1, 2018, patient ███████ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient D.L. was a resident of Defendant Regency Health Care & Rehab Center's skilled nursing facility. Patient D.L. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Regency Health Care & Rehab Center because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Regency Health Care & Rehab Center.  Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 3, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Regency Health Care and Rehab Center, described in paragraph ninety-five (95) of this Complaint and in violation of the Anti-Kickback Statute.

190.     On or about May 30, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for

services provided to patient D.L.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

191.    On or about August 1, 2018, patient ███████ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient D.D. was a patient of Defendant Athens-Limestone Health Services, LLC.  Patient D.D. was referred to Unity by Defendants Dr. Malhotra and IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Athens-Limestone Health Services, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Athens-Limestone Health Services, LLC. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about January 1, 2017, between Defendant Dr. Malhotra, Defendant Unity, and the agents of Defendant Athens-Limestone Health Services, LLC described in paragraph sixty-one (61) of this Complaint and in violation of the Anti-Kickback Statute.

192.    On or about August 15, 2017, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient D.D.  When Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare, they certified that the referral was not secured in violation of the federal Anti-Kickback Statute and Stark Law.   Subsequent to the

Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

193.     On or about August 2, 2018, patient ███████ was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient D.N. was resident of Defendant Regency Health Care & Rehab Center skilled nursing facility. Patient D.N. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Regency Health Care and Rehab Center because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Regency Health Care and Rehab Center. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 3, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Regency Health Care and Rehab Center, described in paragraph ninety-five (95) of this Complaint and in violation of the Anti-Kickback Statute.

194.     On or about August 16, 2018, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient D.N. When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

195.     On or about August 9, 2018, in Huntsville, AL, Defendant Dr. Malhotra, Defendant IBH, and Defendant Merrill Gardens' employee, Candis Taheny, entered a conspiratorial agreement that Defendants Malhotra and IBH would staff their nurses in Defendant Merrill Gardens' facility at no costs to the facility.  In exchange, Defendant Dr. Malhotra and IBH would refer Defendant Merrill Gardens' patient to Defendant Unity to be treated by Defendant Dr. Malhotra. The agreement was made in violation of the Anti-Kickback Statute and Stark Law.

196.     On or about August 9, 2018, patient ███████ . was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient J. M.  was resident of Defendant Merrill Gardens, L.L.C.   Patient J.M.  was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Merrill Gardens because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Merrill Gardens.  Additionally, the referral was made pursuant to the conspiratorial agreement made on or about August 9, 2018, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Merrill Gardens, described in paragraph one hundred and ninety five (195) of this Complaint and in violation of the Anti-Kickback Statute.

197.     On or about August 21, 2018, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient J.M.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not

secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

198.     On or about August 13, 2018, patient ███████ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient P.H. was resident of Defendant Diversicare of Big Springs, L.L.C.  Patient P.H. was referred to Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity.  Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Diversicare of Big Springs because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Diversicare of Big Springs. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH, and the agent of Defendant Diversicare of Big Springs, described in paragraph seventy-seven (77) of this Complaint and in violation of the Anti-Kickback Statute.

199.     On or about August 28, 2018, in Huntsville, Alabama, Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient P.H.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

200.     On or about January 21, 2019, in Huntsville, Alabama, Defendant Dr. Malhotra, Defendant IBH, and Defendant Cloverdale Rehabilitation & Nursing Center's employee Stacy Brown, entered a conspiratorial agreement that Defendant Dr. Malhotra and Defendant IBH would staff their nurses in Defendant Cloverdale Rehabilitation & Nursing Center's facility at no costs to the facility.  In exchange, Defendant Dr. Malhotra and Defendant IBH would refer Defendant Cloverdale Rehabilitation & Nursing Center's patients to Defendant Unity to be treated by Defendant Dr. Malhotra. The agreement was made in violation of the Anti-kickback Statute and Stark Law.

201.     On or about January 21, 2019, patient ⬛⬛⬛⬛⬛ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient J.S. was a resident of Defendant Cloverdale Rehabilitation & Nursing Center's facility.  Patient J.S. was referred to Unity by Defendants Dr. Malhotra and IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Defendant Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Cloverdale Rehabilitation & Nursing Center because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Cloverdale Rehabilitation & Nursing Center.  Additionally, the referral was made pursuant to the conspiratorial agreement made on or about January 21, 2019, between Defendant Dr. Malhotra, Defendant IBH, and the agent of Defendant Cloverdale Rehabilitation & Nursing Center described in paragraph two-hundred (200) of this Complaint and in violation of the Anti-Kickback Statute.

202.       On or about February 5, 2019, in Huntsville, Alabama, Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient J.S.   When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

203.       On or about January 28, 2019, patient ████████ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient J.T. was resident of Defendant Heritage Assisted Living & Memory Care, L.L.C.  Patient J.T. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity.   Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Heritage Assisted Living & Memory Care, LLC. because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Heritage Assisted Living & Memory Care, LLC.  Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 20, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Heritage Assisted Living & Memory Care, LLC, described in paragraph one hundred and fourteen (114) of this Complaint and in violation of the Anti-Kickback Statute.

204.        On or about February 12, 2019, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient J.T.   When Defendant Dr. Malhotra and Defendant unity

submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

205.    On or about February 4, 2019, patient ████████ was referred and admitted to Defendant Unity for acute psychiatric treatment. Patient L.C. was a patient Defendant Athens Health and Rehabilitation, L.LC. Patient L.C. was referred to Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Act because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Athens Health and Rehabilitation, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Athens Health and Rehabilitation, LLC. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about February 1, 2017, between Defendant Dr. Malhotra, Defendant IBH, and the agent of Defendant Athens Health and Rehabilitation, LLC, described in paragraph eighty (80) of this Complaint and in violation of the Anti-Kickback Statute.

206.    On or about February 19, 2019, in Huntsville, Alabama, Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient L.C. When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law. Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

207.     On or about February 7, 2019, patient ███████ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient S.K. was resident of Defendant Merrill Gardens, L.L.C.'s skilled nursing facility.  Patient S.K. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Merrill Gardens, LLC  because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Merrill Gardens, LLC.  Additionally, the referral was made pursuant to the conspiratorial agreement made on or about August 9, 2018, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Merrill Gardens, described in paragraph one hundred and ninety-five (195) of this Complaint and in violation of the Anti-Kickback Statute.

208.     On or about February 21, 2019, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient S.K.  When Defendant Dr. Malhotra and Defendant Unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

209.     On or about February 15, 2019, patient  was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient R.B. was a resident of Defendant Heritage Assisted Living & Memory Care, L.L.C.'s skilled nursing facility.  Patient R.B. was referred to Defendant Unity by Defendant Dr. Malhotra and

Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity.  Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Heritage Assisted Living & Memory Care, LLC because Unity was aware that Dr. Malhotra and IBH provided psychological treatment to residents at Heritage Assisted Living & Memory Care, LLC. Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 20, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Heritage Assisted Living & Memory Care, LLC, described in paragraph one hundred and fourteen (114) of this Complaint and in violation of the Anti-Kickback Statute.

210.      On or about March 1, 2019, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient R.B.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.  Subsequent to the Defendants submitting the aforementioned CMS Form 1500, Medicare remitted reimbursement for the services billed.

211.      On or about February 22, 2019, patient ▮▮▮▮▮ was referred and admitted to Defendant Unity for acute psychiatric treatment.  Patient J.S. was a resident of Defendant Regency Health Care & Rehab Center's skilled nursing facility. Patient J.S. was referred to Defendant Unity by Defendant Dr. Malhotra and Defendant IBH in violation of the Stark Law because of Defendant Dr. Malhotra's financial relationship with Unity. Unity was aware of Dr. Malhotra and IBH's financial relationship with Defendant Regency Health Care & Rehab Center because Unity was

aware that Dr. Malhotra and IBH provided psychological treatment to residents at Regency Health Care & Rehab Center.  Additionally, the referral was made pursuant to the conspiratorial agreement made on or about March 3, 2017, between Defendant Dr. Malhotra, Defendant IBH and the agents of Defendant Regency Health Care & Rehab Center, described in paragraph ninety-five (95) of this Complaint and in violation of the Anti-Kickback Statute.

212.    On or about March 8, 2019, in Huntsville, Alabama, Defendants Dr. Malhotra and Unity submitted CMS Form 1500 to Medicare to be reimbursed for services provided to patient J.S.  When Defendant Dr. Malhotra and Defendant unity submitted CMS Form 1500 to Medicare, they falsely certified that the referral was not secured in violation of the Anti-Kickback Statute and Stark Law.